# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
THE BROADWAY LEAGUE INC.,        :       1:17-cv-09515-GHW-KHP
                             :
Plaintiff,                     :
                             :
vs.                             :
                             :
BERNARD TELSEY CASTING, INC., et al.,   :
                             :
Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### DEFENDANTS JIM CARNAHAN CASTING, INC. AND STEWART/WHITLEY CASTING LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF THE BROADWAY LEAGUE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE CASTING COMPANY DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants Jim Carnahan Casting, Inc. and Stewart/Whitley Casting LLC (hereinafter "Defendants"), by and through their attorneys, hereby object and respond to Plaintiff the Broadway League's (hereinafter "Plaintiff" or "The League") First Request for Production of Documents To the Casting Company Defendants as follows. Defendants reserve their right to supplement these objections and responses.

### GENERAL OBJECTIONS

1.      Defendants assert the following General Objections, which are incorporated into each specific Response by reference and which govern the scope of any document search and production by Defendants. The fact that Defendants' response to an individual Request specifically refers to one or more of the General Objections does not mean that the other General Objections do not apply to that Request and does not waive any of the other General Objections with respect to that Request. No Response to any request or any subpart of any request is, or shall be deemed to be,

1

a waiver of any of Defendants' General Objections. Defendants will meet and confer with Plaintiff to discuss both their general and specific objections, as well as their Responses and the scope of discovery.

2.      Defendants make these responses based on facts reasonably known at the time of answering these Requests.  Defendants have not fully completed investigating the facts relating to this case and, thus, further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Defendants reserve the right to supplement or amend these responses as permitted by the applicable rules.

3.      Defendants object to the Requests, including the Definitions and Instructions, to the extent they impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York. Defendants specifically object to Instruction 6 on grounds that it imposes obligations beyond those imposed by the Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure.  Defendants will respond to the Requests pursuant to the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York.

4.      Defendants object to the Requests to the extent that they impermissibly seek the premature disclosure of information that may or will be the subject of expert reports and testimony, which will be disclosed in accordance with the orders of the Court and the applicable rules of civil procedure.

5.      Defendants object to the Requests to the extent they seek to require Defendants to search for and produce documents not within Defendants' custody or control.  Unless otherwise stated in a specific response, Defendants will only produce non-privileged, non-duplicative, responsive documents, if any, that are within Defendants' custody or control.

6.      Defendants object to the Requests to the extent that they seek information already in the possession of, or otherwise equally or more readily available to, Plaintiff.

7.      Defendants object to the Requests to the extent that they are unduly burdensome and oppressive in that it would require a search for information that is of little or no benefit or relevance to resolving the issues or controversies in this action, so that the value of the information is far outweighed by the burden of obtaining it.

8.      Defendants object to the Requests to the extent they seek documents or information that is not relevant to the claim or defense of any party, not relevant to the subject matter of this litigation, or not proportional to the needs of the case.

9.      Defendants object to the Requests to the extent that they are overly broad, vague, complex, or confusing as to make a meaningful or complete response impossible.

10.     Defendants object to the Requests to the extent that they require Defendants to produce documents protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which are otherwise immune from discovery. Defendants further object to the Requests as unduly burdensome to the extent they call for, or require, Defendants to log privileged documents prepared by or for counsel in anticipation of, or in connection with, this litigation. With the exception of documents prepared in anticipation of, or in connection with, this litigation, Defendants will identify documents withheld on the basis of privilege on a privilege log to the extent required by Fed. R. Civ. P. 26(b)(5). Unless expressly stated otherwise, any production of privileged information is inadvertent and unintentional. Defendants intend to take reasonable steps to guard against the disclosure of privileged information, which will likely include the use of search terms designed, in good faith, to prevent such disclosure. In the event that Defendants inadvertently produce any privileged information, however,

3

Defendants requests that Plaintiff "promptly return, sequester, or destroy [such] information and any copies it has." Fed. R. Civ. P. 26(b)(5).

11.    Defendants object to the Requests to the extent that they call for a legal conclusion, or legal argument, or is invasive of the work product doctrine.  In responding to and/or objecting to the Requests, or by the production of any document, Defendants do not concede or admit that a document has any factual or legal significance ascribed to it in the Requests.

12.    Defendants' decision to produce documents should not and shall not be construed as: (a) an admission that the material is relevant; (b) a waiver of any of Plaintiffs' general objections or specific objections; or (c) an agreement that a Request for similar documents in this or any other related proceeding will be treated in a similar matter. Defendants' responses are not intended to and shall not constitute an admission that any of the predicate facts stated in any of the Requests are true or accurate.

13.    Defendants object to the Requests to the extent they call for the disclosure of any document that Defendants reasonably believe contains confidential, proprietary, private, or sensitive information, trade secrets, or other competitively sensitive information prior to the entry of a suitable protective order by the Court.  To the extent Defendants provide confidential information, Defendants will only do so subject to the terms of a Protective Order establishing protections for confidential information entered by the Court in this action.

14.    Defendants object to Plaintiff's definitions of "you and "your" to the extent that these definitions purport to encompass persons or entities, such as "present or former affiliates, officers, directors, or employees," who are not the named Defendants on grounds that this is overly broad and unduly burdensome.  Defendants also object to these definitions on grounds that they are vague and ambiguous to the extent that it encompasses or purports to encompass "agents, representatives,

and attorneys when acting in that capacity; and all other persons acting or purporting to act on [Defendants] behalf." Accordingly, for any request using these definitions, Defendants respond only on behalf of the named Defendants: Jim Carnahan Casting, Inc. and Stewart/Whitley Casting LLC.

15.   Defendants object to Plaintiff's definition of the term "Key Custodian," which includes "Defendant's owners or employees who are Casting Directors, Associate Casting Directors, or Casting Assistants," on the ground that these definitions are overly broad and unduly burdensome. Plaintiff has not alleged that the each of Defendants' Casting Directors, Associate Casting Directors, or Casting Assistants participated in the alleged anticompetitive conspiracy to eliminate competition and fix prices or the alleged boycott of any producer that did not agree to their terms. Nor has it alleged that these individuals performed casting services relating to commercial productions of Broadway shows; national, regional, or international productions or tours of shows that have appeared on Broadway; or shows that are touring or in development with an existing contract to be produced on Broadway. Accordingly, to the extent the Requests seek documents or information from Key Custodians as defined by Plaintiff, Defendants object that the Requests are overly broad, unduly burdensome, oppressive, not proportional to the needs of this case, and impose a burden that would far exceed the likely benefit of productions, including because they would require a search for and production of documents that are wholly unrelated to or are of little or no benefit or relevance to resolving the issues or controversies in this case. Such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of [any such] proposed discovery would outweigh its likely benefit." Fed. R. Civ. P. 26(b)(2). Except as otherwise agreed, Defendants will limit their custodian searches to documents that are in the possession of the individuals listed in the following paragraph.

5

16.     Defendants object to the Requests on the ground that they are, in many instances, compound, overly broad, and unduly burdensome, absent further clarification and reasonable limitations placed on the scope of the search. Defendants are willing to produce or make available for inspection many categories of the documents requested by Plaintiff, as set forth below, to the extent such documents exist and are located during an agreed-upon, reasonably tailored search. Defendants note that any such offer of production or inspection does not indicate that such documents do exist, that the scope of such discovery is proper, or that any identified documents are relevant to the parties' claims and defenses and proportional to the needs of the case. Rather, the offer of production or inspection merely indicates Defendants' agreement to undertake an agreed-upon, reasonably-tailored search for such documents. Barring any agreement to the contrary, this search will consist of the following parameters:

a.   Custodian Search: Unless otherwise specified, Defendants will limit their search for responsive documents to a list of specifically-identified custodians, and each offer of production is expressly limited to such a search (the "Custodian Search"). Defendants propose to include the following individuals (the "Identified Custodians") within the scope of the Custodian Search: Jim Carnahan from Defendant Jim Carnahan Casting, Inc.; Duncan Stewart and Benton Whitley from Defendant Stewart/Whitley Casting LLC. Defendants will also search in any server file path or network drive that the Identified Custodian routinely accessed as part of his responsibilities and that is reasonably likely to have responsive documents consistent with the offers of production set forth below.

b.   Targeted Search: Because there may be some circumstances where the Identified Custodians are unlikely to possess relevant documents or where it may be more efficient to obtain relevant documents from a central system, Defendants may, in addition to the Custodian Searches discussed above, undertake a targeted search for readily identifiable documents in the possession of another custodian whose identity would depend on the individual document request at issue (a "Targeted Search"). Defendants will expressly indicate when its offer of production contemplates a Targeted Search, and unless expressly stated otherwise, such search shall be in lieu of any Custodian Search with respect to that specific Request.

c.   Search Terms: In conducting its search for responsive documents, unless otherwise specified, Defendants intend to manage the burden by using a set of search terms,

6

and de-duplication technology, reasonably designed to isolate the documents set forth in Defendants' offer of production.

d.  <u>Deduplication and Email Threading:</u>  Where appropriate and cost-effective, Defendants may employ deduplication technology, including but not limited to e-mail threading technology, in which email strings that are subsets of larger email strings would be deemed non-responsive and excluded from the production. Email strings that contain substantive content not included within another email string would not be excluded from production on this basis.

e.  <u>Database Information:</u>  In conducting Targeted Searches for information that is maintained in a database, including information in any transactional, financial, or customer relationship database, Defendants' offers of production are expressly contingent upon investigation and conferral concerning the specific fields of information available. Defendants reserves the right to object to the production or inspection of any field that is either not relevant to the parties' claims and defenses or not proportional to the needs of the case.

17.     Defendants object to the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds that it is overly broad, unduly burdensome, and stretches well beyond any relevant or reasonably time period as well as the specific period which is the basis for the present action.  This definition is not proportional to the needs of the case given that Plaintiff has only alleged that the challenged conduct began "as early as June 2016" and only seeks "injunctive and equitable relief as may be necessary to prevent and restrain the Defendants from engaging in further or ongoing unlawful conduct." Compl. ¶ 46, 136.  This request would require Defendants to produce or make available for inspection a burdensome, unreasonable, and disproportionate number of documents over a period of over five years, many of which would be far outside the scope of this litigation.  Accordingly, unless otherwise specified, for each of Defendants' offers of production as set forth below, Defendants will search for and produce or make available for inspection responsive, non-privileged documents, subject to the scope of the search, that were created on or after January 1, 2016 through February 9, 2018.

18.     Defendants object to the Plaintiff's definition of the term "theatre production" on grounds that its inclusion of shows "expected to appear on Broadway" or "intended to eventually be produced for Broadway on a commercial basis" and "the development of any such show" is vague and ambiguous such that a meaningful or complete response to Requests that use this term is impossible, including because this definition could effectively extend to any show in production and has no realistic limitation.   Accordingly, to the extent the Requests use the term "theatre production," Defendants will limit their responses to documents and information relating to commercial productions of Broadway shows; national, regional, or international productions or tours of shows that have appeared on Broadway; and shows that are touring or in development with an existing contract to be produced on Broadway (hereinafter "Commercial Broadway Theatre").

19.     Defendants object to Plaintiff's definition of "casting services," "ancillary casting services," and "casting service provider" to the extent it relies on the definition of "theatre production" for the reasons explained in Defendants' objections to Plaintiff's definition of that term above.  Accordingly to the extent the Requests use the term "casting services," Defendants will limit their responses to documents and information relating to casting work performed for Commercial Broadway Theatre.

20.     Defendant objects to Plaintiff's definition of the term "casting staff" or "staff" on grounds that its inclusion of "each natural person that is [Defendants'] owner, shareholder, equity interest holder, officer, director, partner, member, employee, intern, or agent" is overly broad, unduly burdensome, and not proportional to the needs of the case, including because this definition is not limited to individuals that performed casting work.  Accordingly, to the extent the Requests use the term "casting staff" or "staff" Defendant will limit its responses to documents relating to individuals that perform casting work.

21.     Defendants object to Plaintiff's definition of "talent database" on grounds that it relies on the definition of "casting services" for the reasons explained in Defendants' objections to Plaintiff's definitions of that term and the term "theatre production" above.  Defendants further object that the phrase "any source or collection of information" is vague and ambiguous such that a meaningful or complete response to Requests that use this term is impossible.  Plaintiff's definition of "talent database" has no realistic limit but would include any document relating to "actors, talent, cast member candidates" and any show in production.  Defendants object that any Requests that are based on this term are overbroad, unduly burdensome, oppressive, not relevant to the parties claims and defenses and not proportional to the needs of the case, and impose a burden that would far exceed the likely benefit of production or inspection.  In order to meaningfully respond to Requests that use this term, Defendants will interpret the term "talent database" to refer to a collection of data organized for rapid search and retrieval that contains information concerning actors, talent, or cast member candidates.

22.     Defendants object to the Requests to the extent that Plaintiff asserts Defendants' responses thereto constitute an adoption or acceptance of terms or definitions that Plaintiff has employed.  In responding to the Requests, Defendants do not adopt, embrace, or accept any term or definition employed by Plaintiff. These responses are made based upon Defendants' interpretation of words contained in the Request, unless a specific definition or instruction has been agreed upon.

23.     Defendants object to the Requests to the extent any call for the production of electronically stored information ("ESI") that is not reasonably accessible on the ground that such discovery would not be proportional to the needs of the case in light of the "the amount in controversy, the parties relative access to relevant information, the parties' resources . . . and . . . burden or expense of the proposed discovery outweighs its likely benefit." See Fed. R. Civ. P.

26(b)(2). Defendants are willing to discuss the production of any such electronic documents pursuant to an appropriate cost-shifting arrangement covering the costs of identifying, restoring, collecting, processing, reviewing, and otherwise locating and producing any such documents.

24.     Defendants object to the Requests to the extent that they do not specify a "reasonable time, place, and manner of making the inspection." See Fed. R. Civ. P. 34(b).   To the extent Defendants make an offer of production or inspection in these Responses, such offer of production or inspection contemplates a rolling production that will begin within the 60-day deadline that Plaintiff contemplates in instruction number two of its Requests and will continue within time frames to be agreed upon by the parties.

25.     Defendants object to Instruction No. 2.  Defendants will produce documents or make them available for inspection on a rolling basis and substantially complete its production of documents to these requests within 150 days provided the parties timely consummate an ESI Stipulation governing the format of production for ESI, the Court enters an appropriate Protective Order (absent an interim agreement by the parties to apply the confidentiality designation applied by Defendant to any document produced), and subject to the resolution, either by the parties or by the Court, of the applicable time period, scope of production, custodians, sources of documents and ESI to be searched in addition to any other relevant factors necessary to ensure that the collection and or processing of potentially responsive documents is not duplicated.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All organizational charts and personnel directories in effect during the relevant period.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on

grounds that it is vague and ambiguous in that it does not specify the entities for which it seeks "[a]ll organizational charts and personnel directories."  Defendants nevertheless interpret this request to seek the organizational charts and personnel directories relating to Defendants.  Defendants further object to this Request to the extent it seeks "all" documents rather than documents sufficient to show the organizational charts and personnel directories in effect.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 2:**

Documents sufficient to identify your current and former casting staff, owners, officers, directors, partners, members, employees, and interns, including the roles and responsibilities of each such person.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for documents and information relating to all of Defendants' current and former staff, owners, officers, directors, partners, members, employees, and interns regardless of whether they are at all related to the claims and defenses at issue in this case.  Defendants object to the Request to the extent it seeks information relating to each individual regardless of whether they

are claimed to i) provide casting work for Commercial Broadway Theatre; or ii) participate in Defendants' alleged anticompetitive conspiracy or boycott.

Defendants object to this Request on the ground that it uses the terms "your" and "casting staff" for the reasons specified in Defendant's General Objection 14 and 20.  Defendants also object that the Request's use of the term "former" is vague and ambiguous because it is not limited to a distinct timeframe.  Defendants interpret this request to seek information regarding staff, owners, officers, directors, partners, members, employees, and interns that were associated with each Defendant from January 1, 2013 through the present.  Defendants accordingly object to the timeframe of this Request for the reasons specified in Defendants' General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 3:**

Documents sufficient to identify each casting staff that is a member of (i) CSA, or (ii) the Teamsters.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case in that it calls for documents sufficient to identify certain casting staff regardless of whether these individuals are at all related to the claims and defenses at issue in this case.  Defendants object to this Request on the ground that it uses the term "casting staff" for the reasons specified in General Objection 20.  Defendants object to Plaintiff's definition of the

"Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 4:**

For Key Custodians, documents sufficient to show such person's (i) general office phone numbers, (ii) direct dial phone numbers, (iii) home office phone numbers, (iv) mobile telephone numbers, and (v) each email address and social media account used for any business purpose. For each such number identified in response to subparts (i) through (iv), documents sufficient to show the telecommunications carriers associated with such number.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, and seeks information that is not relevant to any parties' claims or defenses and not proportional to the needs of this case.  Defendants further object to Plaintiff's definition of the Key Custodians for the reasons specified in General Objection number 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 5:**

Documents sufficient to identify each agent that you have retained to negotiate any contractual arrangement with any producer.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for documents identifying each agent retained to negotiate "any contractual arrangement" regardless of the nature of the contracts they negotiated and whether these negotiations are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks information relating to agents and contract negotiations that are not related to i) casting work; or ii) the alleged anticompetitive conspiracy or boycott. Defendants also object to this Request on the ground that it uses the term "you" for the reasons specified in General Objection 14.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 6:**

Documents sufficient to identify any accountants, bookkeepers, and financial advisors relating to your business or the provision of casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for documents sufficient to identify "any" accountants, bookkeepers, and financial advisors regardless of whether these individuals and their work are at all related to the claims and defenses at issue in this case. Defendants further object to this Request on the same grounds because it seeks documents relating to Defendant's "business" regardless of whether it is related to the claims and defenses at issue in this case. Defendants object to this Request to the extent it seeks identification of individuals whose work is not related to i) casting work; or ii) the alleged anticompetitive conspiracy or boycott.

Defendants object to this Request on the ground that it uses the terms "your" and "casting services" for the reasons specified in Defendant's General Objection 14 and 19. Defendants additionally object to this Request on grounds that the term "related to your business" is overly broad, vague, and ambiguous. Defendants interpret this Request to seek identification of accountants, bookkeepers, and financial advisors that provided advice or other assistance in connection with Defendants' casting work. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 7:**

Documents sufficient to identify any public relations professional, media specialist, or crisis management firm consulted or retained in connection with the so-called unionization of casting

service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it calls for a legal conclusion or legal argument, or is invasive of the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants also object to this Request on the ground that it uses the term "casting service providers" for reasons specified in General Objection 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 8:**

Documents, regardless of date, sufficient to show your legal status (e.g., corporation, LLC, partnership, sole proprietorship, unincorporated organization, natural person, etc.).

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, or is invasive of the work product doctrine. Defendants object to this Request on the ground that it uses the term "your" for the reasons specified in Defendant's General Objection 14. Defendants further object to this Request on the ground that the term "legal status" is vague and ambiguous. Defendants nevertheless will interpret this Request to seek Defendants' most recent organizational documents. Defendants object to Plaintiff's

definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendants will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018, and will produce or make available for inspection Defendants' most recent, non-privileged, non-duplicative documents to identify the legal status of the corporate form.

**REQUEST NO. 9:**

Documents sufficient to identify all of your affiliates.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because Plaintiff's definition of the term affiliate is vague and ambiguous in its use of the term "person." Defendants nevertheless interpret this Request to seek the identify of Defendants' (i) direct or indirect parents; (ii) direct or indirect subsidiaries; (iii) individuals that directly or indirectly hold a 20% or greater ownership interest in, or have voting rights equal to or greater than 20% of Defendants; (iv) entities in which each Defendant directly or indirectly has a 20% or greater ownership interest or voting rights equal to or greater than 20%; and (v) entities under common control or ownership. Defendants object to this Request on the ground that it uses the term "your" for the reasons specified in Defendant's General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to

these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a

reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 10:**

All bylaws, charters, LLC Agreements, partnership agreements, equity interest agreements,

or shareholder agreements of you and your affiliates, regardless of date.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on

grounds that it is overly broad, unduly burdensome, and not relevant to the parties' claims and

defenses and proportional to the needs of the case, including because it is not limited in time-frame

and is duplicative of Request number 8. Defendants further object to this Request on the ground that

it uses the term "you" and "your" for the reasons specified in Defendant's General Objection 14.

Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January

1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff

demonstrating that the requested discovery is proportional to the needs of the case with respect to

these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a

reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 11:**

Documents, regardless of date, sufficient to identify every person that owns any equity

interest in you, and the amount of equity owned by such person.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on

grounds that it is overly broad, unduly burdensome, and not relevant to the parties' claims and

defenses and proportional to the needs of the case, including because it calls for documents identifying every person that holds any equity interest in Defendants without regard to whether they are related to the claims and defenses in this case. Defendants further object to this Request on the ground that it uses the term "you" for the reasons specified in Defendant's General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 12:**

All of your tax returns, including any schedules, exhibits, or attachments.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because there is no compelling need for the information and it seeks documents containing information that is less burdensomely obtained from other sources.  Defendants further object to this Request on the ground that it uses the term "your" for the reasons specified in Defendant's General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

**REQUEST NO. 13:**

All tax documents relating to you or your staff, including W-4s, W-2s, I-9s, K-1s, and

equivalent state tax forms.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because there is no compelling need for the information and it seeks documents containing information that is less burdensomely obtained from other sources.   Defendants further object that this Request is overly broad and unduly burdensome, including because it seeks tax documents from Defendants' staff regardless of whether these individuals are involved in (i) casting services for Commercial Broadway Theatre, or (ii) Defendants' alleged anticompetitive conspiracy or the alleged boycott. Defendants further object to this Request on the ground that it uses the term "you", "your", and "staff" for the reasons specified in Defendant's General Objection 14 and 19.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

**REQUEST NO. 14:**

All documents provided to any accountant, bookkeeper, or financial advisor for purposes of maintaining books of record or preparing tax returns.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because there is no compelling need for the information, it seeks documents containing information that is less burdensomely obtained from other sources, and it calls for all documents provided to any accountants, bookkeepers, and financial

advisors regardless of whether the documents are at all related to the claims and defenses at issue in this case.

Defendants further object to this Request on grounds that the term "maintaining books of record" is vague and ambiguous. Defendants interpret this Request to seek all documents that Defendants provided to any accountant, bookkeeper, or financial advisor for any financial use related to the Defendants' provision of casting work. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

**REQUEST NO. 15:**

All tax documents received from or provided to clients, including 1099s, W-9s, and equivalent state tax forms.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because there is no compelling need for the information and it seeks documents containing information that is less burdensomely obtained from other sources. Defendants further object that this Request is overly broad and unduly burdensome, including because it seeks tax documents received from or provided to clients regardless of whether these documents relate to (i) casting work, or (ii) Defendants' alleged anticompetitive conspiracy or the alleged boycott. Defendants additionally object to the Request on the ground that the term "client" is vague and ambiguous. Defendants nevertheless interpret this term to include all individuals or entities that hired Defendants to provide casting work. Defendants object to Plaintiff's

definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

**REQUEST NO. 16:**

All audited and unaudited financial documents and data, including profit and loss statements, balance sheets, cash flow statements, and other financial information concerning your provision of casting services or the operation of your business.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it is not tailored to documents that are related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents or data that are not related to (i) casting work; or (ii) the alleged anticompetitive conspiracy or boycott.

Defendants object to this Request on the ground that it uses the terms "your" and "casting services" for the reasons specified in Defendant's General Objection 14 and 19. Defendants further object to this Request on grounds that the term "financial documents and data" and "other financial information . . . concerning the operation of your business" is vague and ambiguous such that a meaningful or complete response is impossible. Defendants interpret this Request to seek all documents that relate to earnings, spending, appreciation or any other management of finances relating to Defendants' business. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to documents that are related to the claims and defenses in this action and proportional to the needs of this case

**REQUEST NO. 17:**

Documents sufficient to show your actual and project costs and expenses of providing casting services or operating your business, including documents sufficient to separately identify: (i) each fixed cost, (ii) each overhead cost, (iii) each variable cost, (iv) each operating cost, (v) marketing, advertising, promotional costs, (vi) client entertainment or business development costs, (vii) labor costs, and (viii) any other costs. If documents sufficient to show such costs do not exist, produce all documents concerning such costs.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it is not tailored to documents that are related to the claims and defenses at issue in this case.  Defendants object to the Request to the extent it seeks documents or data that are not related to (i) casting work; or (ii) the alleged anticompetitive conspiracy or boycott.  Defendants further object to this Request on the ground that production of granular data regarding costs and expenses of operating Defendants' businesses is not proportional to the issues at stake and the amount in controversy in this case.

Defendants object to this Request on the ground that it uses the terms "your" and "casting services" for the reasons specified in Defendant's General Objections 14 and 19.  Defendants further

23

object to this Request on grounds that the term "project costs" is vague and ambiguous.  Defendants interpret this Request to seek all documents relating to projected costs of operating Defendants' business.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to documents that are related to the claims and defenses in this action and proportional to the needs of the case.

**REQUEST NO. 18:**

Documents sufficient to identify all databases, and the meaning of all fields and other information captured by such databases, concerning your customers or financial performance. Without limitation, this includes documents sufficient to identify all financial, sales, cost, accounting, and customer relationship databases.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the ground that the term "databases" is vague and ambiguous.  Defendants nevertheless interpret this Request to seek a collection of data organized for rapid search and retrieval that contains information concerning Defendants' customers or financial performance.  Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including because it calls identification of "all financial, sales, cost, accounting, and customer relationship databases" regardless of whether the information these databases contain are at all related to the claims and defenses in this case.  Defendants object to the Request to the extent

24

it seeks identification of databases that are not related to casting work. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 19:**

A complete copy of each of your financial or accounting databases, or other database containing information concerning profits, losses, net or gross income, assets, or liabilities.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including because it calls for "a complete copy" of any database "containing information concerning profits, losses, net, or gross income, assets, or liabilities" regardless of whether the documents and data contained in these databases are at all related to the claims and defenses at issue in this case. Defendants further object to the Request to the extent it seeks production of documents and data that are not related to casting work.

Defendants further object to this Request on the ground that the term "databases" is vague and ambiguous. Defendants nevertheless interpret this Request to seek documents sufficient to identify a collection of data organized for rapid search and retrieval that contains information concerning Defendants' financial performance. Defendants object to this Request on the ground that production of granular data regarding profits, losses, net or gross income, assets, or liabilities is not

25

proportional to the issues at stake and the amount in controversy in this case.  Defendants also object to this Request on the ground that it uses the term "your" for reasons specified in General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

To the extent such databases exist and subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to the production of documents and data that are related to the claims and defenses in this action and proportional to the needs of this case.

**REQUEST NO. 20:**

A complete copy of each customer or client database, or other database containing information on client invoicing, client engagements, or expense reimbursement, including all records for the past 5 years.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including because it calls for "a complete copy" of any database "containing information on client invoicing, client engagements, or expense reimbursement" regardless of whether the documents and data contained in these databases are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks production of documents and data that are not related to casting work.

Defendants further object to this Request on the ground that the term "databases" is vague and ambiguous.  Defendants nevertheless interpret this Request to seek documents sufficient to identify any collection of data organized for rapid search and retrieval that contains information concerning Defendants' clients or customers. Defendants object to this Request on the ground that production of granular data regarding client invoicing, client engagements, or expense reimbursement is not proportional to the issues at stake and the amount in controversy in this case. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

To the extent such databases exist and subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to the production of documents and data that are related to the claims and defenses in this action and proportional to the needs of this case.

**REQUEST NO. 21:**

A complete copy of any payroll or employee management database, or other database containing information about your staff concerning their roles and responsibilities, their dates of hire or termination, their compensation and benefits, or their performance.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including because it calls for "a complete copy of any payroll or employee management database" regardless of whether the staff are connected to the claims and defenses at issue in this case.

27

Defendants object to the Request to the extent it seeks production of documents and data relating to individuals that i) do not provide casting work for Commercial Broadway Theatre, or ii) are not involved in the alleged anticompetitive conspiracy or boycott.

Defendants also object to this Request on the ground that it uses the term "staff" for reasons specified in General Objection 21. Defendants further object to this Request on the ground that the term "databases" is vague and ambiguous. Defendants nevertheless interpret this Request to seek documents sufficient to identify a collection of data organized for rapid search and retrieval that contains information concerning all of Defendants' staff. Defendants object to this Request on the ground that production of granular data regarding Defendants' staff's roles and responsibilities, their dates of hire or termination, their compensation and benefits, or their performance is not proportional to the issues at stake and the amount in controversy in this case. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

To the extent such databases exist, subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 22:**

To the extent you do not maintain the databases sought by requests 19-21, all documents, including Excel spreadsheets and other ESI, sufficient to show the information sought by such requests.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the same specific grounds articulated in their Responses to Requests 19-22.  To the extent the databases sought by Requests 19-21 do not exist, subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to seek documents and data that are related to the claims and defenses in this action and proportional to the needs of this case.

**REQUEST NO. 23:**

All documents concerning any capital contributions or disbursements to your shareholders, owners, or staff.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for "[a]ll documents" concerning capital contributions or disbursements regardless of whether they are related to the claims and defenses at issue in this case.  Defendants object to this Request on the ground that it uses the term "your" and "staff" for reasons specified in Defendant's General Objections 14 and 20. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a

reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 24:**

All documents concerning any allocation of any proceeds or revenues towards: (i) costs, (ii) capital equipment, (iii) expenses, (iv) wages, salaries, and other employee compensation or benefits, (v) profit, or (vi) any other use.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, and not proportional to the needs of this case, including because it calls for "[a]ll documents" concerning "allocation of any proceeds or revenues" regardless of whether the documents are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents or data that are not related to (i) casting work; or (ii) the alleged anticompetitive conspiracy or boycott. Defendants further object to this Request on the ground that production of granular data regarding allocation of Defendants' proceeds and revenues is not proportional to the issues at stake and the amount in controversy in this case. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 25:**

All your contracts and agreements concerning the provision of casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the ground that Plaintiff's definition of the term "casting services" relies on Plaintiff's overbroad, vague, and ambiguous definition of "theatre production" as described in General Objections 19 and 20.  Defendants further object that the term "agreements" is vague and ambiguous.  Defendants nevertheless interpret this Request to seek all contracts or binding, written agreements concerning the provision of casting  services, subject to Defendants' objection to this term as described in General Objection 20. Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "all" contracts and agreements regardless of whether they at all relate to the claims and defenses at issue.  Defendants additionally object to this Request on the ground that it uses the term "your" for reasons specified in Defendant's General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 26:**

All documents relating to any potential engagement to provide casting services, including (i) all documents relating to any negotiations concerning an agreement to provide casting services; and (ii) all communications with any producer, director, or general manager concerning your actual or potential engagement as a casting service provider.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents" regardless of whether these documents are at all related to the claims and defenses at issue in this case.  Defendants object to this Request on the ground that production of such an expansive category of discovery as "all documents" relating to "all communications with any producer, director, or general manager concerning your actual or potential engagement as a casting service provider" – a category that would encompass every email between a Defendant and the producers, directors, or general managers sent in the course of work– is not proportional to the issues at stake and the amount in controversy in this case.  Finally, Defendants object to this Request on the ground that it uses the term "you", "casting services", and "casting service provider" for reasons specified in Defendant's General Objection 14 and 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 27:**

All documents concerning any offer you received or offer you made to provide casting services, including all documents relating to any bids or proposals to provide casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is duplicative of Request number 26.  Defendants object to this Request for the same reasons

specified in response to Request number 26 and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 28:**

All documents concerning any offer you received or offer you made to become an employee of a producer, general manager, or director.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it calls for any legal conclusion, legal argument, or is invasive of the work product doctrine. Defendants further object to this Request to the extent that it seeks information already in Plaintiff's possession, which is therefore available from a less burdensome source.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 29:**

All documents concerning the prices or fees charged for casting services, including documents concerning consideration of any price or fee change or proposal, and including communications with producers, general managers, or directors concerning the prices or fees charged for casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is duplicative of Request number 26. Defendants object to this Request for the same reasons specified in Response to Request number 26 and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search and produce documents as described in that Response.

**REQUEST NO. 30:**

All documents concerning the following provisions, or negotiations concerning any of the following provisions, in any agreement for casting services: (i) scope of engagement, (ii) compensation, (iii) billing or publicity, (iv) services for future theatre productions, (v) exclusivity of your services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is duplicative of Request numbers 25 and 26. Defendants object to this Request for the same reasons specified in Response to Request numbers 25 and 26 and, subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), will conduct a reasonable Custodian Search and produce documents as described in those Responses.

**REQUEST NO. 31:**

All documents describing the services you perform, offer, or considered offering as a casting service provider, including the ancillary casting services you provide.

**RESPONSE:**

34

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll documents" regardless of whether they are related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents that are not related to Defendants' casting work. Defendants further object to the Request as unduly burdensome and not proportional to the needs of the case on the ground that it calls for "[a]ll documents" instead of documents sufficient to describe the services Defendants perform, offer, or considered offering.

Defendants additionally object to this Request on the ground that it uses the term "you", "ancillary casting services", and "casting service provider" for the reasons specified in Defendant's General Objections 14 and 19. Defendants object to this Request on the ground that the term "considered offering" is vague and ambiguous, including because it does not define this term, which could be stretched to include any unsolicited proposal the Casting Directors received. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 32:**

All marketing materials relating to your provision of casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it

calls for "[a]ll marketing materials" regardless of whether these documents are related to the claims and defenses at issue in this case.  Defendants object to this Request on the ground that it uses the term "your" and "casting services" for the reasons specified in Defendant's General Objections 14 and 19.  Defendants further object to this Request on the ground that the term "marketing materials" is vague and ambiguous, including because it could include materials that simply describe Defendants' work and that were not produced by Defendants.    Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 33:**

All documents describing the business or role of casting directors, including transcripts or notes of any interviews, educational workshops, videos, or lectures.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll documents" describing the business or role of casting directors, regardless of whether they are related to the claims and defenses at issue in this case.    Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff

demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 34:**

Documents sufficient to identify each reading, workshop, development lab, and audition you conducted or participated in, including the identity of the show and the producer.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for identification of "each reading, workshop, development lab, and audition" regardless of whether the activities are at all related to the claims and defenses at issue.

Defendants object to the Request on the grounds that production of such granular data regarding "each reading, workshop, development lab, and audition" is not proportional to the needs of the case. Finally, Defendants object to this Request on the ground that it uses the term "you" for the reasons specified in Defendant's General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 35:**

All checklists, policies, project lists, or to-do lists associated with the provision of casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for "[a]ll checklists, policies, project lists, or to-do lists" regardless of whether these activities are at all related to the claims and defenses at issue.

Defendants object to the Request on the grounds that production of such granular data regarding "all checklists, policies, project lists, or to-do lists" is not proportional to the needs of the case. Defendants object to this Request on the ground that it uses the term "casting services" for reasons specified in General Objection 20. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 36:**

Documents sufficient to describe the content, form, format, and capabilities of your talent database.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, and not proportional to the needs of the case, including because the term "talent databases" is vague and ambiguous as described in General Objection 21.   Defendants accordingly interpret this Request to seek documents sufficient to describe the content, form, format, and capabilities of any collection of data organized for rapid search and retrieval that contains information concerning actors, talent, or cast member candidates used in casting work. Defendants additionally object to this Request on the ground that it uses the term "your" for the reasons specified in General Objection 14.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 37:**

A copy of any computerized talent databases, including all fields and information contained in such database.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for a complete "copy of any computerized talent databases, including all fields and information contained in such database" regardless of whether these documents are at all related to the claims and defenses at issue in this case.   Defendants object to the Request on the grounds that production of such granular data regarding "all fields and information contained in such database" is not

proportional to the issues at stake and the amount in controversy in this case. Defendants further object that the term "talent databases" is vague and ambiguous for the reasons specified in General Objection 21.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 38:**

To the extent not included in any computer database produced in response to the prior request, all documents containing information on actors, talent, potential cast members, or theatre productions used by you in providing casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents containing information on actors, talent, potential cast members, or theatre productions" regardless of whether these documents are at all related to the claims and defenses at issue in this case.  Defendants further object to the Request on the grounds that production of such an expansive category of documents, which is defined so broadly as to effectively amount to every hard-copy document used by Defendants in its casting work, is not proportional to the needs of this case.   Defendants additionally object to this Request on the ground that it uses the terms "you" and "casting services" for the reasons specified in Defendant's General Objection 14 and 19.  Defendants

object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 39:**

All documents discussing the value or importance of a talent databases.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents discussing the value or importance of a talent databases" [sic] regardless of whether these documents are at all related to the claims and defenses at issue in this case.   D Defendants further object that the term "talent databases" is vague and ambiguous as described in General Objection 21.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 40:**

All documents discussing the ownership, creation, expansion, maintenance, development, or use of any talent database.

41

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents discussing the ownership, creation, expansion, maintenance, development, or use of any talent database" regardless of whether these documents are at all related to the claims and defenses at issue in this case.  Defendants further object that the term "talent databases" is vague and ambiguous as described in General Objection 21.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

S Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 41:**

All documents concerning your efforts, plans, and strategies to collect, maintain, and utilize information about actors.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents" concerning "efforts, plans, and strategies to collect, maintain and utilize information about actors" regardless of whether the documents are at all related to the claims and defenses at issue in this case.  Defendants object to this Request on the ground that production of such an expansive category of documents, which for example could include every email regarding a

meeting with an actor, is not proportional to the needs of the case.  Defendants also object to this Request on the ground that it uses the term "your" for reasons specified in General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to documents that are related to the claims and defenses in this action and proportional to the needs of the case.

**REQUEST NO. 42:**

All documents concerning restrictions or access to your talent database, and all documents relating to efforts to protect your talent database from unauthorized use.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents" regardless of whether these documents are at all related to the claims and defenses at issue in this case. Defendants object that the terms "your" and "talent databases" is vague and ambiguous as described in General Objections 14 and 21. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a

43

reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 43:**

Documents sufficient to identify each and every asset – whether tangible or intangible – that you own, lease, or use as part of the business of providing casting services or ancillary casting.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for documents sufficient to identify "each and every asset – whether tangible or intangible"  regardless of whether these assets or uses are at all related to the claims and defenses at issue in this case.  Defendants object to the Request to the extent it seeks information regarding assets that are not related to (i) casting work; or (ii) the alleged anticompetitive conspiracy or boycott.  Production of such an expansive category of documents, which encompasses every item of value that is owed or used by Defendants, is not proportional to the needs of the case. Defendants additionally object to this Request on the ground that it uses the term "your", "casting services", and "ancillary casting services" for the reasons specified in General Objections 14 and 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to documents that are related to the claims and defenses in this action and proportional to the needs of the case.

**REQUEST NO. 44:**

Documents sufficient to identify the location of each business office or facility that you owned, leased, controlled, or utilized, and if leased or rented, a copy of all lease or rental agreements.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for information regardless of whether it is related to the claims and defenses at issue in this case.  Defendants further object that the term "business office or facility" is vague and ambiguous, including because it could be interpreted to include offices or facilities that are not used for casting work.  Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in Defendant's General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 45:**

All minutes of your board, committee of managing members or directors, or owners, and any presentations, agendas, packets, notes, or communications regarding any board or committee meetings.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll minutes" and "any presentations, agendas, packets, notes, or communications" regarding any of Defendants' board or committee meetings, regardless of whether the documents sought are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents or data that are not related to (i) provision of casting work; or (ii) Defendants' alleged anticompetitive conspiracy to eliminate competition and fix prices or the alleged boycott of any producer that did not agree to their terms. Defendants additionally object to this Request on the ground that it uses the term "your" for the reasons specified in Defendant's General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 46:**

All annual, quarterly, or monthly reports concerning the operation or performance of your business.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll . . . reports concerning the operation or performance of

[Defendants] business" regardless of whether the documents sought are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents regarding documents that do not discuss i) provision of casting work; or ii) the alleged anticompetitive conspiracy to eliminate competition and fix prices or the alleged boycott of any producer that did not agree to their terms. Defendants additionally object to this Request on the ground that it uses the term "your" for the reasons specified in General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 47:**

All business plans, operating plans, strategy plans, and budgets relating to the provision of casting services or the operation of your business.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll . . . reports concerning the operation or performance of [Defendants] business" regardless of whether the documents sought are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents that do not discuss i) provision of casting work; or ii) the alleged anticompetitive conspiracy to eliminate competition and fix prices or the alleged boycott of any producer that did not agree to these

terms.  Defendants additionally object to this Request on the ground that it uses the terms "your" and "casting services" for the reasons specified in General Objections 14 and 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 48:**

All policies, handbooks, training materials, or guidelines provided to your staff.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, and not proportional to the needs of the case, including because it uses the terms "your" and "staff" for reasons specified in General Objections 14 and 20..     Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 49:**

All documents concerning the status of any casting staff as an employee of your company or organization, including documents relating to the tax treatment of such employees.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, or is invasive of the work product doctrine. Defendants object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it uses the terms "your" and "casting staff" for the reasons specified in General Objections 14 and 20. Defendants further object that the request for "[a]ll documents . . . including documents relating to the tax treatment of such employees," rather than documents sufficient to show the status at issue, is burdensome, not proportional to the needs of this case, and contains information more easily accessible elsewhere.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 50:**

Documents sufficient to identify the casting staff assigned to, or involved in, each theatre production.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it uses the terms "theatre production" and "casting staff" for the reasons specified in General Objection 19 and 21.  Defendants object to Plaintiff's definition

49

of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 51:**

All documents concerning any activity engaged in by your staff for the benefit of your company or organization, or that is performed at your direction, that is not directed to the casting for a specific theatre production.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for "[a]ll documents" regardless of whether the documents or the activities they describe are at all related to the claims and defenses at issue in this case.  Defendants additionally object to this Request on the grounds that it uses the terms "your", "staff", and "theatre production" for the reasons specified in General Objections 14, 18 and 22.   Defendants further object that the term "for the benefit of your company or organization" is vague and ambiguous, as it requires a value judgment from the perspective of Defendants and/or its staff and thus make such documents impossible to meaningfully search and produce.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff

demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to documents that are related to the claims and defenses in this action and proportional to the needs of the case.

**REQUEST NO. 52:**

All documents concerning work performed by your staff that is not pursuant to a specific contract or agreement with a producer for a specific theatre production.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for "[a]ll documents" regardless of whether the documents and the work they describe are at all related to the claims and defenses at issue in this case. Defendants further object to this Request on grounds that it is vague and ambiguous such that it is makes a meaningful and complete response impossible, including because its request for "[a]ll documents concerning work" is defined in the negative and thus does not have a reasonable limiting principle.  Defendants additionally object to this Request on the grounds that it uses the terms "your", "staff" and "theatre production" for the reasons specified in General Objections 14, 18, and 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to documents that

are related to the claims and defenses in this action and proportional to the needs of the case.

## REQUEST NO. 53:

All documents relating to the compensation or benefits provided to, or that you considered providing to, any staff, including salaries, wages, profit-sharing, health or welfare benefits, insurance, vacation, or retirement or pension benefits.

## RESPONSE:

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents concerning compensation or benefits for any individual regardless of whether the documents are at all related to the claims and defenses at issue in this case. Defendants further object that the request is unduly burdensome and not proportional to the needs of the case on ground that it seeks "all documents" on this topic instead of documents "sufficient to show" the compensation and benefits provided to, or considered for, each relevant individual. Defendants object to this Request on the ground that it uses the terms "you" and "staff" for the reasons specified in General Objection 14 and 21. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

## REQUEST NO. 54:

All documents concerning communications with third parties (including any producer, general manager, union, union member, or the League) concerning any health, welfare, retirement,

or pension benefits.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome, and vague with respect to the terms "third parties" and "concerning." Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 55:**

All documents concerning the relationship between the prices or fees charged to producers for casting services and the compensation or benefits received by, or paid to, any staff member.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the ground that it uses the terms "casting services" and "staff" for the reasons specified in General Objections 19 and 20.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 56:**

All documents concerning any decision to hire, fire, terminate, or change the terms of employment of your staff.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents" concerning "any decision to hire, fire, terminate, or change the terms of employment" of Defendants' staff, regardless of whether the documents relate to the claims and defenses in this case. Defendants further object that the request is unduly burdensome and not proportional to the needs of the case on ground that it seeks "all documents" on this topic instead of documents "sufficient to show" any decision to hire, fire, terminate, or change the terms of employment for each relevant individual. Defendants object to this Request on the ground that it uses the term "your" and "staff" for the reasons specified in General Objection 14 and 20. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 57:**

All documents sufficient to show all disciplinary actions taken by you with respect to your staff.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents" concerning disciplinary actions taken with respect to Defendants' staff, regardless of whether the documents relate to the claims and defenses in this case. Defendants further object that the request is unduly burdensome and not proportional to the needs of the case on ground that it seeks "all documents" on this topic instead of documents "sufficient to show" all disciplinary actions taken with respect to each relevant individual. Defendants additionally object to this Request on the ground that it uses the term "you, "your", and "staff" for the reasons specified in Defendant's General Objections 14 and 20. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Targeted Search for documents that are proportional to the needs of the case.

**REQUEST NO. 58:**

All documents concerning competition in the casting services market or among casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the ground that it uses the terms "casting services" and "casting service providers" for the reasons specified in Defendant's General Objection 20. Defendants also object to this Request on the grounds that the term "casting services market" is vague and ambiguous. Defendants interpret this term to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint. Defendants

further object to this Request to the extent it calls for a legal conclusion or legal argument, may be invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 59:**

All documents concerning the prices, fees, or other contractual terms that any other casting service provider has offered, sought, requested, negotiated, or obtained for any theatre production.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it uses the terms "casting service provider" and "theatre production" for the reasons specified in Defendant's General Objection 18 and 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to

56

these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 60:**

All documents concerning changes in any offer you made to provide casting services based in whole or in part on either a competing offer from another casting service provider, or a concern that a producer may choose another casting service provider instead of you.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it uses the term "you", "casting services", and "casting service provider" for the reasons specified in Defendant's General Objections 14 and 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 61:**

All documents concerning the loss of any client engagement or contract to another casting service provider.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case,

including because it seeks "all documents" regardless of whether they are at all related to the claims and defenses in this case. Defendants object to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.  Defendants object to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

## REQUEST NO. 62:

All documents concerning market shares for casting service providers, including shares, numbers, or percentages of theatrical productions served by casting service providers.

## RESPONSE:

In addition to the General Objections set forth above, Defendants object to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.   Defendants object to this Request on the ground that it uses the term "casting service providers" for the reasons specified in General Objection 19.  Defendants object to this Request on the ground that the term "theatrical production" is vague and ambiguous given Plaintiff's consistent use of the defined term "theatre production" in its Requests.  Defendants accordingly interpret this term to have the same definition that Plaintiff

gave to "theatre production." Defendants also object to this Request on the grounds that the term "market shares for casting service providers" is vague and ambiguous.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 63:**

All documents concerning the entry, attempted entry, expansion, or withdrawal of any casting service provider from the market, including all documents concerning the effect of such activities on your business.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants object to this Request on the ground that it uses the terms "your" and "casting service providers" for the reasons specified in General Objection 14 and 19. Defendants also object to this Request on the grounds that the terms "the market" and "your business" is vague and ambiguous. Defendants interpret the term "market" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint. Defendants interpret the term "your business" to mean provision of casting work. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff

demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 64:**

All documents concerning any barriers to entry or expansion in the casting services market, including any documents concerning the difficulty of becoming a casting service provider or generating business as a casting service provider.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants object to this Request on the ground that it uses the term "casting services" and "casting service provider" for the reasons specified in Defendant's General Objection 19. Defendants also object to this Request on the grounds that the term "casting services market" is vague and ambiguous. Defendants interpret the term "casting services market" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 65:**

All documents concerning or discussing the casting services market or industry, including documents discussing: (i) industry concentration; (ii) supply or demand for casting services; (iii) economies of scale in providing casting services; or (iv) network effects.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants object to this Request on the ground that it uses the term "casting services" for the reasons specified in Defendant's General Objection 19. Defendants also object to this Request on the grounds that the term "casting services market or industry" is vague and ambiguous. Defendants interpret the term "casting services market or industry" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 66:**

All documents relating to any agreement or proposed agreement between you and any other defendant.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for "all documents relating to any

61

agreement or proposed agreement" regardless of the subject or nature of these agreements and whether these documents or agreements are at all related to the claims and defenses at issue in this case.  Defendants object to the Request to the extent it seeks documents regarding agreements that are not related to (i) the provision of casting work; or (ii) Defendants' alleged anticompetitive conspiracy or boycott. Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in Defendant's General Objection 14.

Defendants further object to this Request on the ground that production of such an expansive category of discovery as "all documents relating to any agreement" is not proportional to the issues at stake and the amount in controversy in this case. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 67:**

All documents concerning communications with any competitor or other casting service provider, including emails, text messages, voicemails, calendar entries, telephone logs, and notes, minutes, or summaries of meetings.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for "all documents concerning

communications with any competitor or other casting service provider" regardless of the subject of these communications and whether these documents are at all related to the claims and defenses at issue in this case.  Defendants object to the Request to the extent it seeks documents regarding communications that are not related to Defendants' alleged anticompetitive conspiracy or boycott. Defendants further object to this Request on the ground that production of such an expansive category of discovery as "all documents concerning communications with any competitor or other casting service provider," documents that could go so far to include personal messages between friends in the same industry as well as every single email between two casting directors that work together, is not proportional to the issues at stake and the amount in controversy in this case. Defendants object to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 68:**

All communications with the Teamsters, including emails, text messages, voicemails, calendar entries, and notes, minutes, or summaries of meetings.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for "all communications with the

Teamsters" regardless of the subject of these communications of whether they are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents regarding communications that are not related to (i) the provision of casting work for Commercial Broadway Theatre; or (ii) Defendants' alleged anticompetitive conspiracy to eliminate competition and fix prices or the alleged boycott of any producer that did not agree to their terms.

Defendants further object to this Request on the ground that production of such an expansive category of discovery as "all communications" is not proportional to the needs of this case. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 69:**

All communications with Willig, Williams & Davidson – including John Bielski, Laurence Goodman, and Stuart Davidson – or any other representative of the Teamsters, including emails, text messages, voicemails, calendar entries, and notes, minutes, or summaries of meetings.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to the extent that the Request seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants also object to the Request to the extent it seeks "all communications" regardless of whether they are not related to (i) the provision of casting work; or (ii) Defendants' alleged anticompetitive conspiracy to eliminate

competition and fix prices or the alleged boycott of any producer that did not agree to their terms. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 70:**

Documents sufficient to identify the date, time, location, and purpose of any meeting or communication between you and any other defendant.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for information relating to "any meeting or communication" between Defendants regardless of the subject of these meetings or communications and whether they are at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks documents regarding meetings or communications that are not related to (i) the provision of casting work; or (ii) Defendants' alleged anticompetitive conspiracy or boycott. Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in Defendant's General Objection 14.

Defendants further object to this Request on the ground that production of such an expansive category of discovery as information related to "any meeting or communication" between Defendants, a category that could encompass personal messages and meetings between friends in the

65

same industry, is not proportional to the issues at stake and the amount in controversy in this case. Defendants object to this Request on the ground that it uses the term "you" for the reasons specified in General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 71:**

All communications (including emails, text messages, voicemails, calendar entries, telephone logs, and notes, minutes, or summaries of meetings) concerning any effort to unionize or collectively bargain in the casting services market, including any such communication involving you and (i) CSA or its members, (ii) any union other than the Teamsters, (iii) any actor or actor's agent, (iv) any state or federal official or elected representative, or (v) any producer, director, or general manager.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants further object to this Request on the ground that the term "casting services market" is vague and ambiguous. Defendants interpret the term "casting services market" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint Defendants additionally object to this Request on the ground that it uses the terms "you" and "casting services" for the reasons specified in Defendant's General Objections

66

14 and 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 72:**

All meeting minutes, notes, agendas, presentations or other documents relating to any CSA meeting.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for documents relating to "any CSA meeting" regardless of the subject of these meetings and whether they are at all related to the claims and defenses at issue in this case.  Defendants object to the Request to the extent it seeks documents regarding meetings that are not related to Defendants' alleged anticompetitive conspiracy or boycott. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 73:**

For each Key Custodian, all calendars, appointment books, trip or travel logs, expense vouchers or reports (including supporting receipts and other documents), telephone logs, and contacts lists.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it calls for documents relating to "all calendars, appointment books, trip or travel logs, expense vouchers or reports . . . telephone logs, and contacts lists" regardless of whether the information in these calendars, logs, reports, and lists is at all related to the claims and defenses at issue in this case. Defendants object to the Request to the extent it seeks information regarding scheduling, travel, expenses, and communications that is not related to (i) the provision of casting work; or (ii) Defendants' alleged anticompetitive conspiracy or boycott. Defendants object to this Request on the ground that it uses the term "Key Custodians" for the reasons specified in Defendants' General Objection 15. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 74:**

All documents, recordings, transcriptions, or notes, concerning any communication referenced in the Complaint, including:

(i)      the October 6, 2017 CSA e-mail to "Fellow Casting Directors and Associates" regarding "Broadway Casting Services/Please contact the Union" (Compl. ¶ 64);

(ii)      interviews with the New York Daily News, including the interview published on May 20, 2017, www.nydailynews.com/new-york/manhattan/broadway-casting- directors-fight-unionize-article-1.3182204 (Compl. ¶¶ 4, 45);

(iii)      interviews with the Hollywood Reporter, including the interview published on June 8, 2017, www.hollywoodreporter.com/news/broadway-casting-directors- rally-union-contract-radio-city-music-hall-1011447 (Compl. ¶¶ 5, 50, 55);

(iv)      interviews with NPR, including the interview published on September 4, 2017, www.npr.org/2017/09/04/548505846/casting-directors-on-broadway-seek-to- unionize (Compl. ¶¶ 8, 47, 50);

(v)      interviews with Deadline, including the interviews published on May 25 and Aug. 21, 2017, deadline.com/2017/05/broadway-producers-versus-casting- directors-1202102410; deadline.com/2017/08/casting-directors-rally-in-shubert- alley-120215274 (Compl. ¶¶ 9, 47, 50);

(vi)      interviews with Playbill, including the interview published on Aug. 17, 2007, www.playbill.com/article/ask-playbillcom-casting-com-143060 (Compl. ¶ 32);

(vii)      interviews with Backstage, including the interview published on Sept. 11, 2015, www.backstage.com/interview/cd-tara-rubin-what-makes-successful-audition (Compl. ¶¶ 36, 38);

(viii)      interviews with The Clyde Fitch Report, including the interview published on June 6, 2017, http://www.clydefitchreport.com/2017/06/casting-directors-union- broadway/ (Compl. ¶ 54);

(ix)      all demands and communications with any producer, director, or general manager, including the communications referenced in Paragraphs 10, 62, 66, 67, 113, and 114 of the Complaint.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff

demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 75:**

All documents concerning a union or collective bargaining for casting service providers, including any plan, strategy, or action to form or join a labor union.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 76:**

All documents concerning union membership of any of your staff.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine,

seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that it seeks documents concerning union membership of any of Defendants' staff that do not perform casting services for Commercial Broadway Theatre.  Defendants object to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.  Defendants additionally object to this Request on the ground that it uses the terms "your" and "staff" for the reasons specified in Defendants' General Objection 14 and 20.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 77:**

All documents concerning union dues, including documents concerning the payment of dues to the Teamsters or any discussion about the payment, deferral, or non-payment of such dues.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll documents" concerning union membership of any individual that

does not perform casting work for Commercial Broadway Theatre.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 78:**

All documents concerning the costs or benefits to you, other casting service providers, or the Teamsters, from any effort to become Teamsters members or to unionize casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll documents"  concerning union membership of any individual that does not perform casting work for Commercial Broadway Theatre.  Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in Defendants' General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to

these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 79:**

All documents concerning any contributions by any producer or casting service provider to any Teamsters' fund.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it seeks "[a]ll documents" concerning contributions that are not related to casting services for Commercial Broadway Theatre.  Defendants additionally object to this Request on the ground that it uses the term "casting service provider" for the reasons specified in Defendants' General Objection 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 80:**

All documents concerning the Fairness for Casting campaign, including all communications, plans, and proposals relating to that campaign.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request to the extent that its request for "all" documents imposes a burden that would far exceed the likely benefit of production.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 81:**

All documents concerning the so-called unionization of casting service providers, including all communications with actors, actors agents, unions, reporters, public relations professionals, consultants, the press, or members of the media.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that it seeks documents that are not related to casting services for Commercial Broadway Theatre. Defendants additionally object to this Request on the ground that it uses the term

74

"casting service provider" for the reasons specified in Defendants' General Objection 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 82:**

All documents concerning any demonstrations, protests, marches, or public activity concerning the Fairness for Casting campaign or the so-called unionization of casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that it seeks documents that are not related to casting services for Commercial Broadway Theatre.  Defendants additionally object to this Request on the ground that it uses the term "casting service provider" for the reasons specified in Defendants' General Objection 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to

these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 83:**

All documents that mention both Trump (or the Trump Administration) and casting service providers, including any documents concerning the decision to reference Trump or the Trump Administration as a talking point in the casting cartel defendants' media and P.R. campaign.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to the Request on the ground that its use of the term "casting cartel defendants" is vague, ambiguous, and amounts to a legal conclusion.  Defendants interpret this request to seek documents regarding Defendants' media and P.R. campaign. Defendants additionally object to this Request on the ground that it uses the term "casting service provider" for the reasons specified in Defendants' General Objection 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 84:**

All documents concerning any terms, provisions, requirements, demands, or requests that the casting company defendants or the Teamsters sought, considered seeking, or discussed seeking from

the League, League members, or any Broadway producer, general manager, or director, including services, fees, compensation, or other benefits such as health, welfare, retirement or pension benefits.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that it seeks documents that are not related to casting services for Commercial Broadway Theatre.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 85:**

All documents concerning Local 817 I.B.T. Welfare Fund or Local 817 I.B.T. Pension Fund, including documents concerning any proposal or plan to request or demand that producers make contributions to such funds.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to this

Request to the extent that it seeks documents that are not related to casting services for Commercial Broadway Theatre.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 86:**

All documents concerning the Deal Memo or Personal Services Agreements, including drafts of the proposed agreements; plans or strategies to obtain League or producer assent to such proposed agreements; and any plan or strategy with respect to any League or producer response to such proposed agreements.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 87:**

All documents – including all drafts, notes, and communications – concerning the so-called "Teamster Broadway Casting Agreement" referenced in the Deal Memo.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 88:**

All documents concerning any plan, strategy, proposal, or consideration of an actual or potential strike, job action, work stoppage, boycott, or refusal to provide casting services, or insistence on any terms as a condition of providing casting services, including but not limited to: (i) Teamster involvement, recognition, or acceptance; (ii) the payment of a surcharge, increase in fees, or provision of benefits; (iii) establishment of an alleged employee-employer relationship; or (iv) acceptance of any or all terms reflected in the Deal Memo or Personal Services Agreement.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine,

seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants additionally object to this Request on the ground that it uses the term "casting services" for the reasons specified in Defendants' General Objection 19.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 89:**

All documents concerning whether "the conduct that is likely to be interpreted as a boycott is no longer or not at issue," as reflected in Mr. Dell'Angelo's representation to the Court on December 27, 2017.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a

reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 90:**

All documents concerning whether any conduct alleged in the complaint ceased or changed.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants further object to this Request on the ground that the term "conduct alleged in the complaint" is vague and ambiguous. Defendants interpret this request to seek documents concerning whether any of the conduct that was alleged to be unlawful in the complaint has ceased or changed. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 91:**

All documents concerning whether you or any other casting cartel defendant or casting service provider has withdrawn from any combination, contract, or conspiracy entered into by or among such persons or entities.

**RESPONSE:**

81

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants additionally object to this Request on the ground that it uses the terms "you" and "casting service provider" for the reasons specified in Defendants' General Objections 14 and 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 92:**

All documents concerning any decision by you, or any other casting cartel defendant or casting service provider, to cease seeking a collective bargaining agreement or union recognition.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to this Request to the extent that the documents it seeks regarding collective bargaining agreement or union recognition do not relate to casting services for Commercial Broadway Theatre. Defendants additionally object to this Request on the ground that it uses the term "you", "your", and "casting

service provider" for the reasons specified in Defendant's General Objection 14 and 19. Defendants object to the Request on the ground that its use of the term "casting cartel defendant" is vague, ambiguous, and amounts to a legal conclusion.  Defendants interpret this term to mean "Defendants." Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

## REQUEST NO. 93:

All documents concerning Mr. Dell'Angelo's representation to the Court that "817's demands for a collective bargaining agreement" is "not the thrust of the alleged anti- competitive conduct in the complaint or, frankly, what was happening between the parties at the time that the complaint was filed" and do not "relate to where the parties find themselves now," including all documents concerning (i) any changes in conduct, or (ii) the basis for Mr. Dell'Angelo's statement that such changes had occurred.

## RESPONSE:

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 94:**

All documents concerning any changes or modifications in strategy, approach, or conduct relating to the casting cartel defendants' efforts to unionize, engage in collective negotiations, or involve the Teamsters in negotiations concerning casting services contracts or agreements.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants additionally object to this Request on the ground that it uses the term "casting services" for the reasons specified in Defendant's General Objection 19.  Defendants object to the Request on the ground that its use of the term "casting cartel defendant" is vague, ambiguous, and amounts to a legal conclusion.  Defendants interpret this term to mean "Defendants."  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 95:**

All documents concerning Mr. Dell'Angelo's representation to Broadway News that there is not a boycott.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 96:**

All documents concerning antitrust, antitrust immunity, or the statutory or non-statutory antitrust labor exemptions.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.   Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

85

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 97:**

All documents concerning the National Labor Relations Board.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request on grounds that it is overbroad, unduly burdensome, as it does not define a category of documents with sufficient specificity and also requests "all documents" regardless of whether they are at all related to the claims and defenses in this case. Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants further object to this Request to the extent that the documents it seeks do not relate to casting work. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 98:**

All documents identifying you as an employee of any producer or theatrical production.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request on the ground that the term "theatrical production" is vague and ambiguous given Plaintiff's consistent use of the defined term "theatre production" in its Requests.  Defendants accordingly interpret this term to have the same definition that Plaintiff gave to "theatre production."  Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in Defendants' General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 99:**

All documents identifying you as an independent contractor or independent business.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants object to this Request on

grounds that it uses the term "you" for the reasons specified in General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 100:**

All documents relating to any plan, strategy, or attempt by a casting service provider to become or be treated as an employee of any producer or theatrical production, or to establish an employer-employee relationship between casting service providers and producers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants object to this Request on the ground that the term "theatrical production" is vague and ambiguous given Plaintiff's consistent use of the defined term "theatre production" in its Requests.  Defendants accordingly interpret this term to have the same definition that Plaintiff gave to "theatre production."  Defendants additionally object to this Request on the ground that it uses the term "casting service provider" for the reasons specified in Defendants' General Objection 19. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 101:**

All documents concerning the appointment of the Teamsters or Terry Casaletta as your agent, including all documents concerning any decision, plan, or strategy by two or more defendants to enlist, engage, or use a common negotiation agent.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants further object to this Request to the extent that the documents it seeks do not relate to casting services for Commercial Broadway Theatre. Defendants object to this Request on the ground that it uses the term "your" for the reasons specified in Defendants' General Objection 14. Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 102:**

89

All documents that you may seek to introduce into evidence at trial.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.   Defendants further object to the Request to the extent it purports to require Defendants to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).   Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in General Objection 14.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will produce or permit inspection of responsive non-privileged, non-duplicative documents pursuant to the timelines provided by the Court or the Federal Rules of Civil Procedure, or as otherwise ordered by the court or agreed to by the parties.

**REQUEST NO. 103:**

All non-privileged documents discussing this case.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.   Defendants object to Plaintiff's

definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will conduct a reasonable Custodian Search for documents that are proportional to the needs of the case.

**REQUEST NO. 104:**

All documents provided to, considered by, or relied upon by, any expert in this matter, as soon as any such document is made available to the expert.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants further object to the Request to the extent it purports to require Defendants to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).

Subject to and without waiving any general or specific objection, and subject to Plaintiff demonstrating that the requested discovery is proportional to the needs of the case with respect to these Defendants pursuant to the factors set forth in Fed. R. Civ. P. 26(b), Defendants will produce or permit inspection of responsive non-privileged, non-duplicative documents pursuant to the timelines provided by the Court or the Federal Rules of Civil Procedure, or as otherwise ordered by the court or agreed to by the parties.

**REQUEST NO. 105:**

91

All documents identified, cited, or relied upon by you in response to any Request for Admission or Interrogatory propounded by the Broadway League in this case.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in General Objection 14.

Subject to and without waiving any general or specific objection, Defendants will produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST NO. 106:**

All declarations, affidavits, or non-privileged witness statements that you obtain for use or potential use in this case (to be provided within 24 hours of obtaining such declaration, affidavit, or non-privileged witness statement).

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to the Request to the extent it purports to require Defendants to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).  Defendants additionally object to this Request on the ground that it uses the term "you" for the reasons specified in General Objection 14.

Subject to and without waiving any general or specific objection, Defendant will produce or

permit inspection of responsive non-privileged, non-duplicative documents as required pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 107:**

All documents produced by any non-party in connection with this case, whether voluntarily, pursuant to subpoena, or otherwise (to be provided within 24 hours of the non-party production of such information).

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants further object to the Request to the extent it purports to require Defendants to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents obtained pursuant to a Rule 45 subpoena or as otherwise required pursuant to the Federal Rules of Civil Procedure.

**REQUEST NO. 108:**

All documents relating to any instructions provided to you or your employees or third parties regarding the retention of documents concerning the subject matter of this case, or the search for or collection of documents actually or potentially responsive to these Requests.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine,

93

seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants additionally object to this Request on the ground that it uses the term "you" or "your" for the reasons specified in General Objection 14.

Subject to and without waiving any general or specific objections, Counsel for the parties have conferred regarding the mutual exchange of documents responsive to this Request.  Defendants will continue to meet and confer with counsel for the Plaintiff and produce pursuant to the parties' mutual agreement.

**REQUEST NO. 109:**

Documents sufficient to show or describe any and all of your document retention and destruction systems, policies, procedures, and practices, including all documents sufficient to identify each instance where your document retention policy has not been followed with respect to documents that fall within the scope of these Requests.

**RESPONSE:**

In addition to the General Objections set forth above, Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants further object to the Request to the extent it purports to require Defendants to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).  Defendants additionally object to this Request on the ground that it uses the term "your" for the reasons specified in General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January

1, 2013 to the present on the grounds specified in General Objection 17.  Defendants also object to this Request to the extent that the Requests seek documents that are not discoverable.

Subject to and without waiving any general or specific objections, Defendants will meet and confer with Plaintiff regarding a process for the mutual exchange of instructions regarding the retention of documents concerning the subject matter of this case and will produce written document retention policies to the extent that they exist.

## REQUEST NO. 110:

Documents sufficient to identify (i) the persons responsible for managing your document retention and destruction systems, policies, procedures, or capabilities; (ii) your electronic and document management information systems; and (iii) all of your back-up procedures for electronic and document management systems and other electronic files.

## RESPONSE:

In addition to the General Objections set forth above, Defendants object that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants object to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendants additionally object to this Request on the ground that it uses the term "your" for the reasons specified in General Objection 14.  Defendants object to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17. Subject to and without waiving any general or specific objection, Defendants will produce or permit inspection of responsive non-privileged, non-duplicative documents.

DATED: February 9, 2018

95

By:     <u>/s Michael C. Dell'Angelo</u>
         Michael C Dell'Angelo
         Sarah Schalman-Bergen
         David A. Langer
         BERGER & MONTAGUE, P.C.
         1622 Locust Street
         Philadelphia, PA 19103
         Tel: (215) 875-3000
         Fax: (215) 875-4604
         mdellangelo@bm.net
         sschalman-bergen@bm.net
         dlanger@bm.net

         *Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 9, 2018, I caused to be served on Counsel for Plaintiff, a true and correct copy of DEFENDANT JIM CARNAHAN CASTING, INC. AND STEWART/WHITLEY CASTING LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF THE BROADWAY LEAGUE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE CASTING COMPANY DEFENDANTS, via electronic mail.

 /s Michael Dell'Angelo
Michael Dell'Angelo

97