# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE BROADWAY LEAGUE INC.,      :     1:17-cv-09515-GHW-KHP

                                :

Plaintiff,                   :

                                :

vs.                      :

                                :

BERNARD TELSEY CASTING, INC., et al.,   :

                                :

Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DEFENDANT TEAMSTERS' AMENDED AND CORRECTED RESPONSES AND**
**OBJECTIONS TO PLAINTIFF THE BROADWAY LEAGUE'S FIRST REQUEST FOR**
**THE <u>PRODUCTION OF DOCUMENTS TO THE TEAMSTERS</u>**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and

26.3 of the Local Civil Rules of the United States District Court for the Southern District of New

York, Defendant the International Brotherhood of Teamsters Theatrical Drivers and Helpers Local

817 (hereinafter "Teamsters" or "Defendant"), by and through its attorneys, hereby submits these

amended and corrected objections and responses to Plaintiff the Broadway League's (hereinafter

"Plaintiff" or "The League") First Request for Production of Documents to the Teamsters as

follows.  Defendant reserves its right to supplement these objections and responses.

       **GENERAL OBJECTIONS**

       1.      Defendant asserts the following General Objections, which are incorporated into

each specific Response by reference and which govern the scope of any document search and

production or inspection by Defendant. The fact that Defendant's response to an individual

Request specifically refers to one or more of the General Objections does not mean that the other

General Objections do not apply to that Request and does not waive any of the other General

Objections with respect to that Request. No Response to any Request or any subpart of any

1

Request is, or shall be deemed to be, a waiver of any of Defendant's General Objections. Defendant will meet and confer with Plaintiff to discuss both its general and specific objections, as well as its Responses and the scope of discovery.

2.      Defendant makes these responses based on facts reasonably known at the time of answering these Requests.  Defendant has not fully completed investigating the facts relating to this case and, thus, further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Defendant reserves the right to supplement or amend these responses as permitted by the applicable rules.

3.      Defendant objects to the Requests, including the Definitions and Instructions, to the extent they impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York. Defendant specifically objects to Instruction 6 on grounds that it imposes obligations beyond those imposed by the Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure.  Defendant will respond to the Requests pursuant to the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York.

4.      Defendant objects to the Requests to the extent that they impermissibly seek the premature disclosure of information that may or will be the subject of expert reports and testimony, which will be disclosed in accordance with the orders of the Court and the applicable rules of civil procedure.

5.      Defendant objects to the Requests to the extent they seek to require Defendant to search for and produce documents not within Defendant's custody or control.  Unless otherwise stated in a specific response, Defendant will only produce non-privileged, non-duplicative, responsive documents, if any, that are within Defendant's custody or control.

2

6. Defendant objects to the Requests to the extent that they seek responses from persons or entities other than Defendant.

7. Defendant objects to the Requests to the extent that they seek information already in the possession of, or otherwise equally or more readily available to, Plaintiff.

8. Defendant objects to the Requests to the extent that they are unduly burdensome and oppressive in that it would require a search for information that is of little or no benefit or relevance to resolving the issues or controversies in this action, so that the value of the information is far outweighed by the burden of obtaining it.

9. Defendant objects to the Requests to the extent they seek documents or information that is not relevant to the claim or defense of any party, not relevant to the subject matter of this litigation, or not proportional to the needs of the case.

10. Defendant objects to the Requests to the extent that they are overly broad, vague, complex, or confusing as to make a meaningful or complete response impossible.

11. Defendant objects to the Requests to the extent that they require Defendant to produce documents protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which are otherwise immune from discovery. Defendant further objects to the Requests as unduly burdensome to the extent they call for, or require, Defendant to log privileged documents prepared by or for counsel in anticipation of, or in connection with, this litigation. With the exception of documents prepared in anticipation of, or in connection with, this litigation, Defendant will identify documents withheld on the basis of privilege on a privilege log to the extent required by Fed. R. Civ. P. 26(b)(5). Unless expressly stated otherwise, any production or inspection of privileged information is inadvertent and unintentional. Defendant intends to take reasonable steps to guard against the disclosure of

privileged information, which will likely include the use of search terms designed, in good faith, to prevent such disclosure. In the event that Defendant inadvertently produces any privileged information, however, Defendant requests that Plaintiff "promptly return, sequester, or destroy [such] information and any copies it has." Fed. R. Civ. P. 26(b)(5).

12.     Defendant objects to the Requests to the extent that they call for a legal conclusion, or legal argument, or is invasive of the work product doctrine.  In responding to and/or objecting to the Requests, or by the production or inspection of any document, Defendant does not concede or admit that a document has any factual or legal significance ascribed to it in the Requests.

13.     Defendant's decision to produce documents should not and shall not be construed as: (a) an admission that the material is relevant; (b) a waiver of any of Plaintiff's general objections or specific objections; or (c) an agreement that a Request for similar documents in this or any other related proceeding will be treated in a similar matter. Defendant's responses are not intended to and shall not constitute an admission that any of the predicate facts stated in any of the Requests are true or accurate.

14.     Defendant objects to the Requests to the extent they call for the disclosure of any document that Defendant reasonably believe contains confidential, proprietary, private, or sensitive information, trade secrets, or other competitively sensitive information prior to the entry of a suitable protective order by the Court.  To the extent Defendant provides confidential information, Defendant will only do so subject to the terms of a Protective Order establishing protections for confidential information entered by the Court in this action.

15.     Defendant objects to Plaintiff's definitions of "you," "your," and "Teamsters" to the extent that these definitions purport to encompass persons or entities, such as "present or former affiliates, officers, directors, or employees," who are not the named Defendant on grounds

4

that this is overly broad and unduly burdensome.  Defendant also objects to these definitions on grounds that they are vague and ambiguous to the extent that they encompass or purport to encompass "agents, representatives, and attorneys when acting in that capacity; and all other persons acting or purporting to act on its behalf."  Accordingly, for any request using these definitions, Defendant responds only on behalf of the named Defendant: CSA.

16.     Defendant further objects to Plaintiff's definition of "you," "your," or "Teamsters" on the grounds that Plaintiff has not alleged that the each of Defendant's affiliates, officers, directors, or employees participated in the alleged anticompetitive conspiracy to eliminate competition and fix prices or the alleged boycott of any producer that did not agree to its terms.  Accordingly, to the extent the Requests seek documents or information from the "Teamsters" as defined by Plaintiff, Defendant object that the Requests are overly broad, unduly burdensome, oppressive, not proportional to the needs of this case, and impose a burden that would far exceed the likely benefit of productions, including because  they would require a search for and production or inspection of documents that are wholly unrelated to or are of little or no benefit or relevance to resolving the issues or controversies in this case.  Such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of [any such] proposed discovery would outweigh its likely benefit."  Fed. R. Civ. P. 26(b)(2).  Except as otherwise agreed, Defendant will limit its custodian searches to documents that are in the possession of the individuals identified in the following paragraph.

17.     Defendant objects to the Requests on the ground that they are, in many instances, compound, overly broad, and unduly burdensome, absent further clarification and reasonable limitations placed on the scope of the search. Defendant is willing to produce or make available for inspection many categories of the documents requested by Plaintiff, as set forth below, to the

5

extent such documents exist and are located during an agreed-upon, reasonably tailored search. Defendant notes that any such offer of production or inspection does not indicate that such documents do exist, that the scope of such discovery is proper, or that any identified documents are relevant to the parties' claims and defenses and proportional to the needs of the case. Rather, the offer of production or inspection merely indicates Defendant's agreement to undertake an agreed-upon, reasonably-tailored search for such documents. Barring any agreement to the contrary, this search will consist of the following parameters:

    a. Custodian Search: Unless otherwise specified, Defendant will limit its search for responsive documents to specifically-identified custodians, and each offer of production or inspection is expressly limited to such a search (the "Custodian Search"). Defendant propose to designate Thomas O'Donnell and Terry Casaletta as custodians within the scope of the Custodian Search (the "Identified Custodians"). Defendant will also search in any server file path or network drive that the Identified Custodians routinely accessed as part of his or her responsibilities and that is reasonably likely to have responsive documents consistent with the offers of production or inspection set forth below.

    b. Targeted Search: Because there may be some circumstances where the Identified Custodians are unlikely to possess relevant documents or where it may be more efficient to obtain relevant documents from a central system, Defendant may, in addition to the Custodian Searches discussed above, undertake a targeted search for readily identifiable documents in the possession of another custodian whose identity would depend on the individual document request at issue (a "Targeted Search"). Defendant will expressly indicate when its offer of production or inspection contemplates a Targeted Search, and unless expressly stated otherwise, such search shall be in lieu of any Custodian Search with respect to that specific Request.

    c. Search Terms: In conducting its search for responsive documents, unless otherwise specified, Defendant intends to manage the burden by using a set of search terms, and deduplication technology, reasonably designed to isolate the documents set forth in Defendant's offer of production or inspection.

    d. Deduplication and Email Threading: Where appropriate and cost-effective, Defendant may employ deduplication technology, including but not limited to email threading technology, in which email strings that are subsets of larger email strings would be deemed non-responsive and excluded from the production or inspection. Email strings that contain substantive content not included within

6

another email string would not be excluded from production or inspection on this basis.

e.  <u>Database Information:</u> In conducting Targeted Searches for information that is maintained in a database, including information in any transactional, financial, or customer relationship database, Defendant's offers of production or inspection are expressly contingent upon investigation and conferral concerning the specific fields of information available. Defendant reserves the right to object to the production or inspection of any field that is either not relevant to any party's claim or defense or not proportional to the needs of the case during such meet and confer.

18.     Defendant objects to the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds that it is overly broad, unduly burdensome, and stretches well beyond any relevant or reasonably time period as well as the specific period which is the basis for the present action.  This definition is not proportional to the needs of the case given that Plaintiff has only alleged that the challenged conduct began "as early as June 2016" and only seeks "injunctive and equitable relief as may be necessary to prevent and restrain the Defendant from engaging in further or ongoing unlawful conduct." Compl. ¶ 46, 136.  This request would require Defendant to produce or make available for inspection a burdensome, unreasonable, and disproportionate number of documents over a period of over five years, many of which would be far outside the scope of this litigation.  Accordingly, unless otherwise specified, for each of Defendant's offers of production or inspection as set forth below, Defendant will search for and produce or make available for inspection responsive, non-privileged documents, subject to the scope of the search, that were created on or after January 1, 2016 through February 9, 2018.

19.     Defendant objects to Plaintiff's definition of the term "theatre production" on grounds that its inclusion of shows "expected to appear on Broadway" or "intended to eventually be produced for Broadway on a commercial basis" and "the development of any such show" is vague and ambiguous such that a meaningful or complete response to Requests that use this term

is impossible, including because this definition could effectively extend to any show in production and has no realistic limitation.  Accordingly, to the extent the Requests use the term "theatre production," Defendant will limit its responses to documents and information relating to commercial productions of Broadway shows; national, regional, or international productions or tours of shows that have appeared on Broadway; and shows that are touring or in development with an existing contract to be produced on Broadway (hereinafter "Commercial Broadway Theatre").

20.     Defendant objects to Plaintiff's definition of "casting services," "ancillary casting services," and "casting service provider" to the extent it relies on the definition of "theatre production" for the reasons explained in Defendant' objections to Plaintiff's definition of that term above.  Accordingly to the extent the Requests use these terms Defendant will limit its responses to documents and information relating to casting work performed for Commercial Broadway Theatre.

21.     Defendant objects to Plaintiff's definition of the term "casting staff" or "staff" on grounds that its inclusion of "each natural person that is [Defendant's] owner, shareholder, equity interest holder, officer, director, partner, member, employee, intern, or agent" is overly broad, unduly burdensome, and not proportional to the needs of the case, including because this definition is not limited to individuals that performed casting work.  Accordingly, to the extent the Requests use the term "casting staff" or "staff" Defendant will limit its responses to documents relating to individuals that perform casting work.

22.     Defendant objects to Plaintiff's definition of the term "Teamsters Funds" on the grounds that this definition is overbroad, unduly burdensome, and not proportional to the needs of the case, including because this definition "refers to any . . . fund managed, operated, or

controlled by the Teamsters for the benefit of its members" without regard to whether these funds are at all related to the claims and defenses at issue in this case.   Accordingly, to the extent the Requests use the term "Teamsters Funds," Defendant will limit its responses to documents and information that relate to the Local 817 I.B.T. Welfare Fund or the Local 817 Pension Fund.

23.   Defendant objects to the Requests to the extent that Plaintiff asserts Defendant's responses thereto constitute an adoption or acceptance of terms or definitions that Plaintiff has employed.  In responding to the Requests, Defendant does not adopt, embrace, or accept any term or definition employed by Plaintiff. These responses are made based upon Defendant's interpretation of words contained in the Request, unless a specific definition or instruction has been agreed upon.

24.   Defendant objects to the Requests to the extent any call for the production of electronically stored information (ESI) that is not reasonably accessible on the ground that such discovery would not be proportional to the needs of the case in light of the "the amount in controversy, the parties relative access to relevant information, the parties' resources . . . and . . . burden or expense of the proposed discovery outweighs its likely benefit." See Fed. R. Civ. P. 26(b)(2). Defendant is willing to discuss the production of any such electronic documents pursuant to an appropriate cost-shifting arrangement covering the costs of identifying, restoring, collecting, processing, reviewing, and otherwise locating and producing any such documents.

25.   Defendant objects to the Requests to the extent that they do not specify a "reasonable time, place, and manner of making the inspection." See Fed. R. Civ. P. 34(b)  To the extent Defendant makes an offer of production or inspection in these Responses, such offer of production or inspection contemplates a rolling production or inspection that will begin within

the 60-day deadline that Plaintiff contemplates in instruction number two of its Requests and will continue within time frames to be agreed upon by the parties.

26.    Defendant objects to Instruction No. 2. Defendant will produce documents or make them available for inspection on a rolling basis and substantially complete its production of documents to these requests within 150 days provided the parties timely consummate an ESI Stipulation governing the format of production for ESI, the Court enters an appropriate Protective Order (absent an interim agreement by the parties to apply the confidentiality designation applied by Defendant to any document produced), and subject to the resolution, either by the parties or by the Court, of the applicable time period, scope of production, custodians, sources of documents and ESI to be searched in addition to any other relevant factors necessary to ensure that the collection and or processing of potentially responsive documents is not duplicated.

## REQUEST FOR PRODUCTION NO. 1:

All organizational charts and personnel directories in effect during the relevant period.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it seeks "all" documents rather than documents sufficient to show the organizational charts and personnel directories in effect. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for and will produce or permit inspection of any non-privileged, non-duplicative documents sufficient to show the organizational charts personnel directories in effect from January 1, 2016 through February 9, 2018.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify your current and former staff, officers, directors, employees, and interns, including the roles and responsibilities of each such person.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for documents and information relating to all of Defendant's current and former staff, officers, directors employees, and interns regardless of whether they are at all related to the claims and defenses at issue in this case.   Defendant objects to the Request to the extent it seeks information relating to each individual regardless of whether they are at all related to the claims and defenses at issue in this case. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant objects to this Request on the ground that it uses the term "your" and "staff" for the reasons specified in Defendant's General Objections 15, 16 and 21.   Defendant also objects that the Request's use of the term "former" is vague and ambiguous because it is not limited to a distinct timeframe.   Defendant interprets this request to seek information regarding staff, officers, directors, employees, and interns that were associated with Defendant from January 1, 2013 through February 9, 2018.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for and will produce or permit inspection of non-privileged documents sufficient to identify 1) current staff, owners, officers, directors employees, and interns that relevant to the claims and defenses at issue in this case; 2) any individuals that previously have

held these roles in the time period from January 1, 2016 through February 9, 2018, and 3) the roles and responsibilities of each such person.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all individuals with knowledge of any of the events described in the Complaint.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to the Request on the grounds that it is overbroad, and that it is properly the subject of interrogatory and exceeds the requirements of the Federal Rules of Civil Procedure. Defendant also objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any General Objections, Defendant refers Plaintiff to its initial disclosures, which will be served pursuant to the Federal Rules of Civil Procedure and as agreed to by the parties or directed by the Court.

**REQUEST FOR PRODUCTION NO. 4:**

For Key Custodians, documents sufficient to show each such person's (i) general office phone numbers, (ii) direct dial phone numbers, (iii) home office phone numbers, (iv) mobile telephone numbers, and (v) each email address and social media account used for any business purpose. For each phone number identified in response to subparts (i) through (iv) documents sufficient to show the telecommunications carriers associated with such number.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overly broad, and seeks information that is not relevant to the claims or

defenses of any party, not relevant to the subject matter of this litigation, and not proportional to the needs of this case. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will produce the phone numbers, email addresses, and social media accounts used for business purposes by each of the Identified Custodians and will produce or permit inspection of documents sufficient to show the telecommunications carriers associated with each such number.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify any public relations professional, media specialist, or crisis management firm consulted or retained in connection with the so-called unionization of casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, or is invasive of the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant also objects to this Request on the ground that it uses the term "casting service provider" for reasons specified in General Objection 20. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will meet and confer with Plaintiff regarding the identification of any public relations professional, media specialist, or crisis management firm or conduct a reasonable Custodian Search for documents that

were created on or after January 1, 2016 through February 9, 2018 and will produce or make available for inspection any responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 6:**

All organizational operating agreements, bylaws, charters, membership agreements, for the Teamsters Local 817.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it seeks "all" documents instead of documents sufficient to show the operational organizational operating agreements, bylaws, charters, membership agreements. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or permit inspection of non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 7:**

All minutes of any board or committee of managing members or directors of Teamsters Local 817 concerning casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case,

including because it calls for "[a]ll minutes" and "of any board or committee" concerning "casting services" without regard to whether the documents sought are at all related to the claims and defenses at issue in this case. Defendant objects to this Request on the ground that it uses the term "casting services" for the reasons specified in Defendant's General Objection 20. Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 8:**

All business plans, operating plans, strategy plans, and budgets concerning casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll minutes" and "of any board or committee" concerning "casting services" without regard to whether the documents sought are at all related to the claims and defenses at issue in this case. Defendant objects to this Request on the ground that it uses the term

"casting services" for the reasons specified in Defendant's General Objection 20. Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All presentations or drafts of presentations made to members or potential members of Teamsters Local 817 regarding casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll minutes" and "of any board or committee" concerning "casting services" without regard to whether the documents sought are at all related to the claims and defenses at issue in this case.  Defendant objects to this Request on the ground that it uses the term "casting services" for the reasons specified in Defendant's General Objection 20. Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many

of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of any responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify each casting service provider that is a member of the Teamsters.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome in that it calls for documents sufficient to identify certain Teamsters members regardless of whether these individuals are at all related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks information relating to Teamsters members that do not provide casting work for Commercial Broadway Theatre.  Defendant objects to this Request on the ground that it uses the term "casting service provider" for the reasons specified in Defendant's General Objection 20. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through

February 9, 2018 and produce or permit inspection of responsive documents sufficient to identify Teamsters members that provide casting work for Commercial Broadway Theatre.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify (i) each casting company defendant who is not a member of the Teamsters, and who does not have any casting staff that are members of the Teamsters, and (ii) which of the casting service providers that attended or participated in the Court's December 27, 2017 teleconference are not members of the Teamsters.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is vague and ambiguous, including because it requests Defendant to state negatives that pertain to "any casting staff" affiliated with the Casting Company Defendants despite Defendant's lack of knowledge of or possession of documents showing comprehensively the identifies of any such casting staff. Defendant accordingly interpret this Request as seeking the identities of any member of the Teamsters that provides or provided casting work for Commercial Broadway Theatre. Defendant accordingly objects that this request is duplicative of Request number 10. Defendant makes the same objections to this Request as those specified in its Response to Request number 10 and will conduct a reasonable Targeted Search and produce or permit inspection of documents as described in that response.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning unionizing or engaging in collective bargaining for casting service providers, including any plan, strategy, or action for casting service providers to become members of any union, including the Teamsters.

18

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "casting services providers" for the reasons specified in General Objection 20. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning union dues paid by, or that would be paid by, casting service providers, including any documents concerning the payment, deferral, or non-payment of such dues.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "casting services providers" for the reasons specified in General Objection 20. Defendant objects to this Request to the extent

that it imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning any contributions to any Teamster's fund by any producer or casting service provider.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for "all documents" concerning "any contributions" to "any Teamster's fund" by "any producer or casting service provider" regardless of whether these documents, contributions, or contributors are at all related to the claims and defenses in this case. Defendant objects to this Request on the ground that the term "Teamster's fund" is vague and ambiguous in that it is undefined by Plaintiff and distinct from Plaintiff's defined term "theatre production." For the purpose of responding to this Request, Defendant interprets the term "Teamster's fund" to have the same meaning as Plaintiff's defined term "Teamsters Funds." Defendant objects to this Request on the ground that it uses the terms "Teamsters Funds" and "casting service provider" for the reasons specified in General Objections 20 and 22. Defendant objects to this Request to the extent it seeks information regarding funds or contributions that do not relate to individuals who

provide casting work for Commercial Broadway Theatre.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents to the extent they relate to individuals who provide casting work for Commercial Broadway Theatre.

## REQUEST FOR PRODUCTION NO. 15:

All documents concerning competition in the casting services market or between casting service providers.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request on the ground that it uses the terms "casting services" and "casting service providers" for the reasons specified in Defendant's General Objection 20.  Defendant also objects to this Request on the grounds that the term "casting services market" is vague and ambiguous.  Defendant interprets this term to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint. Defendant further objects to this Request to the extent it calls for a legal conclusion or legal argument, may be invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

21

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or make available for inspection responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning contemplated, requested, or negotiated prices, fees, or other contractual terms for casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents" regardless of whether these documents are at all related to the claims and defenses at issue in this case.  Defendant objects to this Request on the ground that Plaintiff's definition of the term "casting services" is overbroad, vague, and ambiguous as described in General Objection 20.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objections, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning market shares for casting service providers, including shares, numbers, or percentages of theatrical productions served by casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Defendant objects to this Request on the grounds that the term "market shares for casting service providers" is vague and ambiguous.   Defendant objects to this Request on the ground that its use of the term "theatrical productions" is vague and ambiguous in that it is undefined by Plaintiff and distinct from Plaintiff's defined term "theatre production."   For the purpose of responding to this Request, Defendant interprets the term "theatrical productions" to have the same definition as "Commercial Broadway Theatre." Defendant objects to this Request on the ground that it uses the terms "casting service providers" for the reasons specified in General Objection 20.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2013 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the entry, attempted entry, expansion, or withdrawal of any casting service provider into or from the market.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client

privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant also objects to this Request on the grounds that the term "the market" is vague and ambiguous.  Defendant interprets the term "market" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint.  Defendant objects to this Request on the ground that it uses the terms "casting service providers" for the reasons specified in General Objection 20.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning any barriers to entry or expansion in the casting services market, including all documents concerning the difficulty of becoming a casting service provider or generating business as a casting service provider.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the ground that it uses the terms "casting services" and "casting service provider" for the reasons specified in Defendant's General Objection 20.  Defendant also objects to this Request on the grounds that the term "casting services market" is vague and ambiguous.  Defendant interprets the

term "casting services market" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning or discussing the casting services market or industry, including documents discussing: (i) industry concentration; (ii) supply or demand for casting services; (iii) economies of scale in providing casting services; or (iv) network effects.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the ground that it uses the term "casting services" for the reasons specified in Defendant's General Objection 20.  Defendant also objects to this Request on the grounds that the term "casting services market or industry" is vague and ambiguous.  Defendant interprets the term "casting services market or industry" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2013 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to the casting company defendants or any other casting service provider, including all such information in the possession, custody, or control of Local 817, or in the files of (i) the Key Custodians; (ii) the Teamsters Information Terminal Accounting Network or "TITAN;" (iii) the Information Systems of the Office of the General Secretary-Treasurer; (iv) the Communications Department of the Office of the General President; (v) the Economics and Contracts Department of the Office of the General President; (vi) the Department of Political and Legislative Action of the Office  of the General President; (vii) the Organizing Department of the Office of the General President; (viii) the Strategic Research and Campaigns Department of the Office of the General President; or (ix) the Joint Council 16.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents" relating to any "casting service provider" from numerous specific and third-party entities regardless of whether these entities are at all related to the claims and defenses in this case. Defendant objects to this Request on the ground that its use of the term "Local 817" is ambiguous in that this term is undefined by Plaintiff and seemingly distinct from Plaintiff's defined term "Teamsters."  For the purpose of responding to this Request, Defendant interprets the term "Local 817" to have the same definition as "Teamsters." Defendant accordingly objects to this Request on the ground that it uses the terms "Teamsters" for the reasons

specified in General Objections 15 and 16.  Defendant also objects to this Request on the ground

that it uses the terms "casting service provider" for the reasons specified in General Objection 20.

Defendant further objects to this Request to the extent it seeks documents that are not related to

Commercial Broadway Theatre. Defendant also objects to Plaintiff's definition of the "Relevant

Period" for all requests as being January 1, 2013 to the present on the grounds specified in General

Objection 18.

Defendant further objects that this Request is not proportional to the needs of this case and,

in particular, the issues at stake in this action because eight of the nine entities from which Plaintiff

seeks production are not once mentioned in the Complaint.  Defendant further objects to this

Request to the extent that it seeks documents from third-parties that are not in the possession,

custody, or control of Defendant.  Defendant objects to this Request to the extent that it imposes a

burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct

a reasonable Custodian Search for documents that were created on or after January 1, 2016 through

February 9, 2018 and produce or permit inspection of responsive documents  relating to the Casting

Company Defendants or any other individuals regarding casting work for Commercial Broadway

Theatre.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to any agreement or proposed agreement between you and any other

defendant.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on

the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant

to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for "[a]ll documents relating to any agreement or proposed agreement" regardless of the subject or nature of these agreements and whether these documents or agreements are at all related to the claims and defenses at issue in this case.   Defendant objects to the Request to the extent it seeks documents regarding agreements that are not related to i) the provision of casting work for Commercial Broadway Theatre; or ii) the alleged anticompetitive conspiracy or boycott. Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 15 and 16. Defendant also objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant further objects to this Request on the ground that production of such an expansive category of discovery as "all documents relating to any agreement" is not proportional to the issues at stake and the amount in controversy in this case.   Defendant objects to this Request to the extent it would require Defendant to search for and to produce an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents regarding any agreement or proposed agreement between Defendants that relate to i) the provision of casting

work for Commercial Broadway Theatre; or ii) Defendants' alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 23:**

All communications with the casting company defendants or any other casting service provider, including emails, text messages, voicemails, calendar entries, and notes, minutes, or summaries of meetings.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this request is duplicative of Request number 21.  Defendant makes the same objections  to this Request as those specified in its Response to Request number 21 and will conduct a reasonable Custodian Search and produce or permit inspection of documents as described in that response.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify the date, time, location, and purpose of any meeting or communication between you and any other defendant.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for information relating to "any meeting or communication" between Defendants regardless of the subject of these meetings or communications and whether they are at all related to the claims and defenses at issue in this case.  Defendant objects to the Request to the extent it seeks documents regarding meetings or communications that are not related to i) the provision of casting work for Commercial Broadway Theatre; or ii) the alleged anticompetitive conspiracy or boycott.

29

Defendant additionally object to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 15 and 16. Defendant also objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant further objects to this Request on the ground that production of such an expansive category of discovery as information related to "any meeting or communication" between Defendants is not proportional to the issues at stake and the amount in controversy in this case.  Defendant objects to this Request to the extent that it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents sufficient to identify any meeting or communication between Defendants that relate to i) the provision of casting work for Commercial Broadway Theatre; or ii) the alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 25:**

All communications concerning any effort to unionize or collectively bargain in the casting services market, including any such communication involving you and (i) any union other than the Teamsters, (ii) any actor or actor's agent, (iii) any state or federal official or elected representative, or (iv) any producer, director, or general manager.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request on the ground that the term "casting services market" is vague and ambiguous. Defendant interprets this term to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint.  Defendant objects to this Request to the extent it seeks documents that are not related to casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the terms "you" and "casting services" for the reasons specified in General Objections 15, 16 and 20. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents relating to casting work for Commercial Broadway Theatre.

**REQUEST FOR PRODUCTION NO. 26:**

For each Key Custodian, all calendars, appointment books, trip or travel logs, expense vouchers or reports (including supporting receipts and other documents), telephone logs, and contacts lists.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for documents relating to "all calendars, appointment books, trip or travel logs, expense vouchers or reports . . . telephone logs, and contacts lists" regardless of whether the information in these calendars, logs, reports, and lists is at all related to the claims and defenses at issue in this case.  Defendant objects to the Request to the extent it seeks information regarding scheduling, travel, expenses, and communications that is not related to (i) casting work for Commercial Broadway Theatre; or (ii) the alleged anticompetitive conspiracy or boycott.  Defendant objects to this Request to the extent that it would require Defendant to search for and to produce an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive portions of the Identified Custodians' "calendars, appointment books, trip or travel logs, expense vouchers or reports . . . telephone logs, and contacts lists" that relate to either (i) casting work for Commercial Broadway Theatre; or (ii) the alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 27:**

All documents, recordings, transcriptions, or notes, concerning any communication referenced in the Complaint, including:

(i)     the October 6, 2017 CSA e-mail to "Fellow Casting Directors and Associates" regarding "Broadway Casting Services/Please contact the Union" (Compl. ¶ 64);

(ii)    interviews with the New York Daily News, including the interview published on May 20, 2017, www.nydailynews.com/new-york/manhattan/broadway-casting-directors-fight-unionize-article-1.3182204 (Compl. ¶¶ 4, 45);

(iii)   interviews with the Hollywood Reporter, including the interview published on June 8, 2017, www.hollywoodreporter.com/news/broadway-casting-directors- rally-union-contract-radio-city-music-hall-1011447 (Compl. ¶¶ 5, 50, 55);

(iv)    interviews with NPR, including the interview published on September 4, 2017, www.npr.org/2017/09/04/548505846/casting-directors-on-broadway-seek-to-unionize (Compl. ¶¶ 8, 47, 50);

(v)     interviews with Deadline, including the interviews published on May 25 and Aug. 21, 2017, deadline.com/2017/05/broadway-producers-versus-casting-directors-1202102410; deadline.com/2017/08/casting-directors-rally-in-shubert-alley-120215274 (Compl. ¶¶ 9, 47, 50);

(vi)    interviews with Playbill, including the interview published on Aug. 17, 2007, www.playbill.com/article/ask-playbillcom-casting-com-143060 (Compl. ¶ 32);

(vii)   interviews with Backstage, including the interview published on Sept. 11, 2015, www.backstage.com/interview/cd-tara-rubin-what-makes-successful-audition (Compl. ¶¶ 36, 38);

(viii)  interviews with The Clyde Fitch Report, including the interview published on June 6, 2017, http://www.clydefitchreport.com/2017/06/casting-directors-union-broadway/ (Compl. ¶ 54);

(ix)    all demands and communications with any producer, director, or general manager, including the communications referenced in Paragraphs 10, 62, 66, 67, 113, and 114 of the Complaint.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege,

33

attorney-client privilege, and/or any other applicable privilege or protection. To the extent that the request demands "all documents," Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

## REQUEST FOR PRODUCTION NO. 28:

All documents concerning the Broadway League, including all communications with any person or entity about the Broadway League, and all communications with any person in his or her capacity as a member, employee, or representative of the Broadway League.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for "[a]ll documents concerning the Broadway League" regardless of whether these documents are at all related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks documents that are not related to i) casting work for Commercial Broadway Theatre; or ii) the alleged anticompetitive conspiracy or boycott. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant objects to this Request to the extent it would require Defendant to search for and to produce an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents that relate to i) casting work for Commercial Broadway Theatre; or ii) the alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning whether any Local 817 Pension and Welfare Funds are among the "[a]bout 200 multi-employer pensions across the country [that] stand on the brink of failure," referenced in an article by James P. Hoffa, It's Time to Protect the Pensions, teamster.org/leadership-message/2017/12/hoffa-its-time-protect-pensions.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for "[a]ll documents concerning" an article discussing certain pension funds without regard to whether the documents sought are remotely related to the claims and defenses at issue in this case. Defendant objects to this Request on grounds that it imposes a burden that is entirely disproportional and would far exceed the likely benefit of production. Defendant further objects

to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the

present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct

a reasonable Targeted Search for documents that were created on or after January 1, 2016 through

February 9, 2018 and will produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning the effect of increasing membership or unionizing currently

non-unionized markets or market segments on the finances of any Teamster Fund or any multi-

employer pension funds or welfare funds.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on

the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant

to the parties' claims and defenses nor proportional to the needs of the case, including because it

calls for "[a]ll documents" without regard to whether the documents sought are remotely related

to the claims and defenses at issue in this case.  Defendant objects to the Request to the extent it

seeks documents that are not related to i) casting work for Commercial Broadway Theatre, or ii)

the alleged anticompetitive conspiracy or boycott.  Defendant additionally objects to this Request

on the ground that it uses the term "Teamster Funds" for the reasons specified in General Objection

22. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as

being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant objects to this Request to the extent it would require Defendant to search for

and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of

documents, many of which would be far outside the scope of this litigation and have little or no

36

relevance to resolving the issues or controversies in this action.  Defendant objects to this Request on grounds that it imposes a burden that is entirely disproportionate and would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to seek documents and data that are related to the claims and defenses in this action and proportional to the needs of this case.

## REQUEST FOR PRODUCTION NO. 31:

All documents concerning the effect of unionizing casting service providers on the finances of the Local 817 Pension or Welfare Funds.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for "[a]ll documents" without regard to whether the documents sought are remotely related to the claims and defenses at issue in this case.  Defendant objects to the Request to the extent it seeks documents that are not related to i) casting work for Commercial Broadway Theatre, or ii) the alleged anticompetitive conspiracy or boycott.  Defendant additionally objects to this Request to the extent that it calls for a legal conclusion, legal argument, or is invasive of the work product doctrine. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of

documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request on grounds that it imposes a burden that is entirely disproportionate and would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to seek documents and data that are related to the claims and defenses in this action and proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show, separately by fund, the types of union members by trade or business that are beneficiaries of the Local 817 Pension and Welfare Funds.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for information relating to union members without regard to whether these union members are remotely related to the claims and defenses at issue in this case.  Defendant objects to the Request to the extent it seeks documents that are not related to i) casting work for Commercial Broadway Theatre, or ii) the alleged anticompetitive conspiracy or boycott.   Defendant additionally objects to this Request to the extent that it calls for a legal conclusion, legal argument, or is invasive of the work product doctrine. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

38

Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request on grounds that it imposes a burden that is entirely disproportionate and would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to seek documents and data that are related to the claims and defenses in this action and proportional to the needs of this case.

## REQUEST FOR PRODUCTION NO. 33:

A copy of each Financial Statement for the Local 817 Pension and Welfare Funds during the relevant period, and any annual, quarterly, and monthly reports, statements, summaries, forecasts, and analyses concerning such funds.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and it seeks documents that are not relevant to the parties' claims and defenses nor proportional to the needs of the case, including because it calls for "any" "reports, statements, summaries, forecasts, [or] analyses concerning" the Local 817 Pension and Welfare Funds without regard to whether these statements are remotely related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks documents that are not related to i) casting work for Commercial Broadway Theatre, or ii) the alleged anticompetitive conspiracy or boycott. Defendant further objects to Plaintiff's definition

of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request on grounds that it imposes a burden that is entirely disproportionate and would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will meet and confer with Plaintiff concerning whether this Request can be reasonably tailored to seek documents and data that are related to the claims and defenses in this action and proportional to the needs of this case.

## REQUEST FOR PRODUCTION NO. 34:

Documents sufficient to show the terms, provisions, guidelines, or rules for participation or membership in the Local 817 Pension and Welfare Funds.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, or is invasive of the work product doctrine. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 35:**

All documents that mention both casting service providers and any Teamsters Fund.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the ground that it uses the term "casting services providers" for the reasons specified in General Objection 20.  Defendant further objects to this Request to the extent that it requests documents not relating to casting work for Commercial Broadway Theatre. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning any actual, proposed or contemplated contributions by theatre producers to any Teamsters Fund, including all documents concerning the beneficiaries of such contributions.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the ground that it is overbroad and not proportional to the needs of this case in light of its use of the term "Teamsters Fund" and for the reasons specified in General Objection 22.  Defendant further objects to this Request to the extent that it seeks documents concerning

contributions that are not related to casting services for Commercial Broadway Theatre.  Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request on grounds that it imposes a burden that is entirely disproportionate and would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents that relate to casting work for Commercial Broadway Theatre,.

## REQUEST FOR PRODUCTION NO. 37:

All documents concerning whether the contributions that may be contributed to any Teamsters Fund based on any contract with any casting service provider would be segregated or comingled with contributions made for other types of union members.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the ground that it is overbroad and not proportional to the needs of this case, including because it seeks "all documents" regarding contributions from "any contract with any casting service provider" regardless of whether this is at all related to the claims and defenses in

the case.  Defendant objects to this Request on the ground that it seeks "all documents" instead of documents sufficient to show whether the contributions at issue would be segregated or comingled. Defendant objects to this Request to the extent that it seeks documents concerning contributions that are not related to casting services for Commercial Broadway Theatre. Defendant objects to this Request on the grounds that it uses the terms "Teamsters Fund" and "casting service provider" for the reasons specified in General Objections 20 and 22.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Defendant objects to this Request to the extent it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action.  Defendant objects to this Request to the extent that it imposes a burden that is would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive non-privileged, non-duplicative documents sufficient to show whether contributions that relate to casting work for Commercial Broadway Theatre would be segregated or comingled.

**REQUEST FOR PRODUCTION NO. 38:**

All documents concerning the Fairness for Casting campaign, including all communications, plans, and proposals relating to that campaign.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request to the extent that its request for "all" documents imposes a burden that would far exceed the likely benefit of production. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning the so-called unionization of casting service providers, including all communications with actors, actors agents, unions, reporters, public relations professionals or consultants, the press, or members of the media.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to this Request to the extent that it seeks documents that are not related to casting services

for Commercial Broadway Theatre.  Defendant objects to this Request to the extent that its request for "all" documents imposes a burden that would far exceed the likely benefit of production. Defendant also objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning demonstrations, protests, marches, or public activity concerning the Fairness for Casting campaign or the so-called unionization of casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to this Request to the extent that it seeks documents that are not related to casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting service providers" for the reasons specified in General Objection 20. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through

February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

## REQUEST FOR PRODUCTION NO. 41:

All documents that mention both Trump (or the Trump Administration) and casting service providers, including any documents concerning (i) the reasons the Teamsters declined the League's invitation to bring the issue of casting service provider unionization before the NLRB, or (ii) the decision to reference Trump or the Trump Administration as a talking point in the casting cartel defendants' media and P.R. campaign.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

## REQUEST FOR PRODUCTION NO. 42:

All documents concerning the statement by Mr. Tom O'Donnell that "the casting directors are not attempting to 'fix prices', neither in wages nor benefit contributions. They simply want the same workplace fairness and healthcare afforded to everyone else who works on Broadway. Broadway made over a billion dollars last year. Rather than engage in a dialogue with forty

working men and women who have been instrumental to their success, the League spouts fake facts, bullies, and files lawsuits."

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. To the extent the request demands "all documents," Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 43:**

Documents concerning the assertion that "the League spouts fake facts," including any documents that identify any such facts and all documents concerning the alleged falsity of such facts.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this request is duplicative of Request number 42. Defendant makes the same objections to this Request as those specified in its Response to Request number 42 and will conduct a reasonable Custodian Search and produce or permit inspection of documents as described in that response.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning communications with members of the press or media concerning this case, including internal notes of any such communications or any talking points.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this request is duplicative of Request number 39.  Defendant makes the same objections  to this Request as those specified in its Response to Request number 39 and will conduct a reasonable Custodian Search and produce or permit inspection of documents as described in that response.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning any terms, provisions, requirements, demands, or requests that the casting company defendants or the Teamsters sought, considered seeking, or discussed seeking from the League, League members, or any Broadway producer, general manager, or director, including service, fees, compensation, or other benefits such as health, welfare, retirement or pension benefits.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to this Request to the extent that it seeks documents that are not related to casting work for Commercial Broadway Theatre.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through

48

February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning any proposal or plan to request or demand that producers make contributions to the Teamster Funds.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request on the ground that it is overbroad and not proportional to the needs of this case, including because it uses the term "Teamsters Funds" for the reasons specified in General Objection 22. Defendant further objects to this Request to the extent that it seeks documents concerning contributions by producers that are not related to casting work for Commercial Broadway Theatre. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning the Deal Memo or Personal Services Agreements, including any drafts of the proposed agreement; plans or strategies to obtain League or producer assent to such

proposed agreements; and any plans or strategy with respect to replying to any League or producer response to such proposed agreements.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 48:**

All documents – including all drafts, notes, and communications – concerning the so-called "Teamster Broadway Casting Agreement" referenced in the Deal Memo.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this request is duplicative of Request number 47.  Defendant makes the same objections  to this Request as those specified in its Response to Request number 47 and will conduct a reasonable Custodian Search and produce or permit inspection of documents as described in that response.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning any plan, strategy, proposal, or consideration of an actual or potential strike, job action, work stoppage, boycott, or refusal to provide casting services, or

insistence on any terms as a condition of providing casting services, including but not limited to: (i) Teamster involvement, recognition, or acceptance, (ii) the payment of a surcharge, increase in fees, or provision of benefits, (iii) establishment of an alleged employee-employer relationship, or (iv) acceptance of any or all terms reflected in the Deal Memo or Personal Services Agreement.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to this Request to the extent that it seeks documents that are not related to casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting services" for the reasons specified in General Objection 20.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning whether "the conduct that is likely to be interpreted as a boycott is no longer or not at issue," as reflected in Mr. Dell'Angelo's representation to the Court on December 27, 2017.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 51:**

All documents concerning whether any conduct alleged in the complaint ceased or changed.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request on the ground that the term "conduct alleged in the complaint" is vague and ambiguous. Defendant interprets this request to seek documents concerning whether any of the conduct that was alleged to be unlawful in the complaint has ceased or changed. Defendant further

52

objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

## REQUEST FOR PRODUCTION NO. 52:

All documents concerning whether any casting cartel defendant or casting service provider has withdrawn from any combination, contract, or conspiracy entered into by or among such persons or entities.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.   Defendant additionally objects to this Request on the ground that it uses the term "casting service providers" for the reasons specified in General Objection 20.   Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

53

**REQUEST FOR PRODUCTION NO. 53:**

All documents concerning any decision by the Teamsters to cease seeking a collective bargaining agreement or union recognition for casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request to the extent that the documents it seeks regarding a collective bargaining agreement or union recognition do not relate to casting work for Commercial Broadway Theatre. Defendant additionally objects to this Request on the ground that it uses the terms "Teamsters", and "casting service provider" for the reasons specified in General Objections 15, 16 and 20. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 54:**

All documents concerning Mr. Dell'Angelo's representation to the Court that "817's demands for a collective bargaining agreement" is "not the thrust of the alleged anti- competitive conduct in the complaint or, frankly, what was happening between the parties at the time that the complaint was filed" and do not "relate to where the parties find themselves now," including all

documents concerning (i) any changes in conduct, or (ii) the basis for Mr. Dell'Angelo's statement that such changes had occurred.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 55:**

All documents concerning any changes or modifications in strategy, approach, or conduct relating to the casting cartel defendants' efforts unionize, engage in collective negotiations, or involve the Teamsters in negotiations concerning casting services contracts or agreements.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant additionally objects to this Request on the ground that it uses the terms "Teamsters" "casting

service provider" for the reasons specified in General Objections 15, 16 and 20.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 56:**

All documents concerning Mr. Dell'Angelo's representation to the Court and Broadway News that there is not a boycott.

**RESPONSE**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 57:**

All documents concerning antitrust, antitrust immunity, or the statutory or non-statutory antitrust labor exemptions as applied to casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "casting services" for the reasons specified in General Objection 20.  Defendant additionally objects to this Request to the extent that it seeks documents that do not concern casting work for Commercial Broadway Theatre. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 58:**

All documents concerning submission of, including any decision not to submit, any request to unionize or collectively bargain for casting services to the National Labor Relations Board.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product

doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request to the extent that it seeks documents that do not concern casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting services" for the reasons specified in General Objection 20. Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to any plan, strategy, or attempt by a casting service provider to become or be treated as an employee of any producer or theatrical production, or to establish an employer-employee relationship between casting service providers and producers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it seeks documents relating to employment relationships with producers regardless of whether the individuals in those relationships are Defendants in this case

or perform casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 20.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 60:**

All documents concerning the appointment of the Teamsters or Terry Casaletta as the negotiating agent for any casting company defendant or other casting service provider, including all documents concerning any decision, plan, or strategy by two or more defendants to enlist, engage, or use a common negotiation agent.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it seeks documents relating to the legal status of individuals regardless of whether they are Defendants in this case or perform casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the

term "casting service provider" for the reasons specified in General Objection 20.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 61:**

All documents concerning the status of casting company defendants and other casting service providers as independent contractors.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it seeks documents relating to the legal status of individuals regardless of whether they are Defendants in this case or perform casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 20.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 62:**

All documents that you may seek to introduce into evidence at trial.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).  Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 15 and 16.

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents pursuant to the timelines provided by the Court or the Federal Rules of Civil Procedure, or as otherwise ordered by the Court or agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 63:**

All non-privileged documents discussing this case.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents and produce or permit inspection of responsive non-privileged, non-duplicative documents.

**REQUEST FOR PRODUCTION NO. 64:**

All documents provided to, considered by, or relied upon by, any expert in this matter, as soon as any such document is made available to the expert.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents pursuant to the

timelines provided by the Court or the Federal Rules of Civil Procedure or as otherwise ordered by the Court or agreed to by the parties.

## REQUEST FOR PRODUCTION NO. 65:

All documents identified, cited, or relied upon by you in response to any Request for Admission or Interrogatory propounded by the Broadway League in this case.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 15 and 16.

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents.

## REQUEST FOR PRODUCTION NO. 66:

All declarations, affidavits, or non-privileged witness statements that you obtain for use or potential use in this case (to be provided within 24 hours of obtaining such declaration, affidavit, or non-privileged witness statement).

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege,

attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).   Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 15 and 16.

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents as required pursuant to the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 67:

All documents produced by any non-party in connection with this case, whether voluntarily, pursuant to subpoena, or otherwise (to be provided within 24 hours of the non-party production of such information).

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents obtained pursuant to a Rule 45 subpoena or as otherwise required pursuant to the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 68:**

All documents relating to any instructions provided to you or your employees or third parties regarding the retention of documents concerning the subject matter of this case, or the search for or collection of documents actually or potentially responsive to these Requests.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "you" or "your" for the reasons specified in General Objections 15 and 16.

Counsel for the parties have conferred regarding the mutual exchange of documents responsive to this Request. Defendant will continue to meet and confer with counsel for the Plaintiff and produce pursuant to the parties' mutual agreement.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to show or describe any and all of your document retention and destruction systems, policies, procedures, and practices, including all documents sufficient to identify each instance where your document retention policy has not been followed with respect to documents that fall within the scope of these Requests.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege,

attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).    Defendant additionally objects to this Request on the ground that it uses the term "your" for the reasons specified in General Objections 15 and 16.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.  Defendant also objects to this Request to the extent that the Requests seek documents that are not discoverable.

Subject to and without waiving any general or specific objections, Defendant will meet and confer with Plaintiff regarding a process for the mutual exchange of instructions regarding the retention of documents concerning the subject matter of this case and will produce any written document retention policies to the extent that they exist.

## REQUEST FOR PRODUCTION NO. 70:

Documents sufficient to identify (i) the persons responsible for managing your document retention and destruction systems, policies, procedures, or capabilities; (ii) your  electronic and document management information systems; and (iii) all of your back-up procedures for electronic and document management systems and other electronic files.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant

additionally objects to this Request on the ground that it uses the term "your" for the reasons specified in General Objections 15 and 16.  Defendant further objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents.

DATED: February 12, 2018

By:    /s Michael C. Dell'Angelo
Michael C Dell'Angelo
Sarah Schalman-Bergen
David A. Langer
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdellangelo@bm.net
sschalman-bergen@bm.net
dlanger@bm.net

*Counsel for Defendant International Brotherhood of Teamsters Theatrical Drivers and Helpers Local 817*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2018, I caused to be served on Counsel for Plaintiff, a true and correct copy of DEFENDANT TEAMSTERS' AMENDED AND CORRECTED RESPONSES AND OBJECTIONS TO PLAINTIFF THE BROADWAY LEAGUE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE TEAMSTERS, via electronic mail.

　/s Michael Dell'Angelo　
Michael Dell'Angelo