# EXHIBIT 13

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| THE BROADWAY LEAGUE INC., | : | 1:17-cv-09515-GHW-KHP |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| BERNARD TELSEY CASTING, INC., et al., | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### DEFENDANT CASTING DIRECTOR SOCIETY OF AMERICA's RESPONSES AND OBJECTIONS TO PLAINTIFF THE BROADWAY LEAGUE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE CASTING SOCIETY OF AMERICA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant Casting Society of America (hereinafter "CSA" or "Defendant"), by and through its attorneys, hereby object and respond to Plaintiff the Broadway League's (hereinafter "Plaintiff" or "The League") First Request for Production of Documents as follows.  Defendant reserve its right to supplement these objections and responses.

### GENERAL OBJECTIONS

1.      Defendant asserts the following General Objections, which are incorporated into each specific Response by reference and which govern the scope of any document search and production or inspection by Defendant. The fact that Defendant's response to an individual Request specifically refers to one or more of the General Objections does not mean that the other General Objections do not apply to that Request and does not waive any of the other General Objections with respect to that Request. No Response to any Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Defendant's General Objections.

1

Defendant will confer with Plaintiff to discuss both its general and specific objections, as well as its Responses and the scope of discovery.

2. Defendant makes these responses based on facts reasonably known at the time of answering these Requests. Defendant has not fully completed investigating the facts relating to this case and, thus, further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Defendant reserves the right to supplement or amend these responses as permitted by the applicable rules.

3. Defendant objects to the Requests, including the Definitions and Instructions, to the extent they impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York. Defendant specifically objects to Instruction 6 on grounds that it imposes obligations beyond those imposed by the Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure. Defendant will respond to the Requests pursuant to the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York.

4. Defendant objects to the Requests to the extent that they impermissibly seek the premature disclosure of information that may or will be the subject of expert reports and testimony, which will be disclosed in accordance with the orders of the Court and the applicable rules of civil procedure.

5. Defendant objects to the Requests to the extent they seek to require Defendant to search for and produce documents not within Defendant's custody or control. Unless otherwise stated in a specific response, Defendant will only produce non-privileged, non-duplicative, responsive documents, if any, that are within Defendant's custody or control.

6.      Defendant objects to the Requests to the extent that they seek information already in the possession of, or otherwise equally or more readily available to, Plaintiff.

7.      Defendant objects to the Requests to the extent that they are unduly burdensome and oppressive in that it would require a search for information that is of little or no benefit or relevance to resolving the issues or controversies in this action, so that the value of the information is far outweighed by the burden of obtaining it.

8.      Defendant objects to the Requests to the extent they seek documents or information that is not relevant to the claim or defense of any party, not relevant to the subject matter of this litigation, or not proportional to the needs of the case.

9.      Defendant objects to the Requests to the extent that they are overly broad, vague, complex, or confusing as to make a meaningful or complete response impossible.

10.      Defendant objects to the Requests to the extent that they require Defendant to produce documents protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which are otherwise immune from discovery. Defendant further objects to the Requests as unduly burdensome to the extent they call for, or require, Defendant to log privileged documents prepared by or for counsel in anticipation of, or in connection with, this litigation. With the exception of documents prepared in anticipation of, or in connection with, this litigation, Defendant will identify documents withheld on the basis of privilege on a privilege log to the extent required by Fed. R. Civ. P. 26(b)(5). Unless expressly stated otherwise, any production or inspection of privileged information is inadvertent and unintentional. Defendant intends to take reasonable steps to guard against the disclosure of privileged information, which will likely include the use of search terms designed, in good faith, to prevent such disclosure. In the event that Defendant inadvertently produces any privileged

3

information, however, Defendant requests that Plaintiff "promptly return, sequester, or destroy [such] information and any copies it has." Fed. R. Civ. P. 26(b)(5).

11.     Defendant objects to the Requests to the extent that they call for a legal conclusion, or legal argument, or is invasive of the work product doctrine.  In responding to and/or objecting to the Requests, or by the production or inspection of any document, Defendant does not concede or admit that a document has any factual or legal significance ascribed to it in the Requests.

12.     Defendant's decision to produce documents should not and shall not be construed as: (a) an admission that the material is relevant; (b) a waiver of any of Plaintiff's general objections or specific objections; or (c) an agreement that a Request for similar documents in this or any other related proceeding will be treated in a similar matter. Defendant's responses are not intended to and shall not constitute an admission that any of the predicate facts stated in any of the Requests are true or accurate.

13.     Defendant objects to the Requests to the extent they call for the disclosure of any document that Defendant reasonably believe contains confidential, proprietary, private, or sensitive information, trade secrets, or other competitively sensitive information prior to the entry of a suitable protective order by the Court.  To the extent Defendant provides confidential information, Defendant will only do so subject to the terms of a Protective Order establishing protections for confidential information entered by the Court in this action.

14.     Defendant objects to Plaintiff's definitions of "you," "your," and "CSA" to the extent that these definitions purport to encompass persons or entities, such as "present or former affiliates, officers, directors, or employees," who are not the named Defendant on grounds that this is overly broad and unduly burdensome.  Defendant also objects to these definitions on grounds that they are vague and ambiguous to the extent that they encompass or purport to

encompass "agents, representatives, and attorneys when acting in that capacity; and all other persons acting or purporting to act on its behalf." Accordingly, for any request using these definitions, Defendant responds only on behalf of the named Defendant: CSA.

15. Defendant further objects to Plaintiff's definition of "you," "your," or "CSA" on the grounds that Plaintiff has not alleged that the each of Defendant's affiliates, officers, directors, or employees participated in the alleged anticompetitive conspiracy to eliminate competition and fix prices or the alleged boycott of any producer that did not agree to its terms. Nor has it alleged that these individuals even performed casting work relating to commercial productions of Broadway shows; national, regional, or international productions or tours of shows that have appeared on Broadway; or shows that are touring or in development with an existing contract to be produced on Broadway. To the extent that the Casting Director Defendants are included in Plaintiff's Definition of "you", "your", and "CSA", Defendant objects that this Definition improperly directs two sets of Requests for Production of Documents to the same Defendants and is overbroad, unduly burdensome, and not proportional to the needs of the case. Accordingly, to the extent the Requests seek documents or information from the "CSA" as defined by Plaintiff, Defendant object that the Requests are overly broad, unduly burdensome, oppressive, not proportional to the needs of this case, and impose a burden that would far exceed the likely benefit of productions, including because they would require a search for and production or inspection of documents that are wholly unrelated to or are of little or no benefit or relevance to resolving the issues or controversies in this case. Such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of [any such] proposed discovery would outweigh its likely benefit." Fed. R. Civ. P. 26(b)(2). Except as otherwise agreed, Defendant will limit its

custodian searches to documents that are in the possession of the individuals identified in the following paragraph.

16.      Defendant objects to the Requests on the ground that they are, in many instances, compound, overly broad, and unduly burdensome, absent further clarification and reasonable limitations placed on the scope of the search. Defendant is willing to produce or make available many categories of the documents requested by Plaintiff, as set forth below, to the extent such documents exist and are located during an agreed-upon, reasonably tailored search. Defendant notes that any such offer of production or inspection does not indicate that such documents do exist, that the scope of such discovery is proper, or that any identified documents are relevant to the parties' claims and defenses and proportional to the needs of the case. Rather, the offer of production or inspection merely indicates Defendant's agreement to undertake an agreed-upon, reasonably-tailored search for such documents. Barring any agreement to the contrary, this search will consist of the following parameters:

  a.   Custodian Search: Unless otherwise specified, Defendant will limit its search for responsive documents to specifically-identified custodians, and each offer of production or inspection is expressly limited to such a search (the "Custodian Search"). Defendant propose to designate Laura Adler as a custodian (the "Identified Custodian") within the scope of the Custodian Search. Defendant will also search in any server file path or network drive that the Identified Custodian routinely accessed as part of her responsibilities and that is reasonably likely to have responsive documents consistent with the offers of production or inspection set forth below.

  b.   Targeted Search: Because there may be some circumstances where the Identified Custodian is unlikely to possess relevant documents or where it may be more efficient to obtain relevant documents from a central system, Defendant may, in addition to the Custodian Searches discussed above, undertake a targeted search for readily identifiable documents in the possession of another custodian whose identity would depend on the individual document request at issue (a "Targeted Search"). Defendant will expressly indicate when its offer of production or inspection contemplates a Targeted Search, and unless expressly stated otherwise, such search shall be in lieu of any Custodian Search with respect to that specific Request.

    c.  <u>Search Terms:</u> In conducting its search for responsive documents, unless otherwise specified, Defendant intends to manage the burden by using a set of search terms, and deduplication technology, reasonably designed to isolate the documents set forth in Defendant's offer of production or inspection. At an appropriate, agreed upon time, Defendant will provide plaintiffs with its proposed search terms.

    d.  <u>Deduplication and Email Threading:</u> Where appropriate and cost-effective, Defendant may employ deduplication technology, including but not limited to email threading technology, in which email strings that are subsets of larger email strings would be deemed non-responsive and excluded from the production or inspection. Email strings that contain substantive content not included within another email string would not be excluded from production or inspection on this basis.

    e.  <u>Database Information:</u> In conducting Targeted Searches for information that is maintained in a database, including information in any transactional, financial, or customer relationship database, Defendant's offers of production or inspection are expressly contingent upon investigation and conferral concerning the specific fields of information available. Defendant reserves the right to object to the production or inspection of any field that is either not relevant to any party's claim or defense or not proportional to the needs of the case during such meet and confer.

17.    Defendant objects to the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds that it is overly broad, unduly burdensome, and stretches well beyond any relevant or reasonably time period as well as the specific period which is the basis for the present action.  This definition is not proportional to the needs of the case given that Plaintiff has only alleged that the challenged conduct began "as early as June 2016" and only seeks "injunctive and equitable relief as may be necessary to prevent and restrain the Defendant from engaging in further or ongoing unlawful conduct." Compl. ¶ 46, 136.  This request would require Defendant to produce or make available for inspection a burdensome, unreasonable, and disproportionate number of documents over a period of over five years, many of which would be far outside the scope of this litigation.  Accordingly, unless otherwise specified, for each of Defendant's offers of production or inspection as set forth below, Defendant will search for and

produce or make available for inspection responsive, non-privileged documents, subject to the scope of the search, that were created on or after January 1, 2016 through February 9, 2018.

18.     Defendant objects to Plaintiff's definition of the term "theatre production" on grounds that its inclusion of shows "expected to appear on Broadway" or "intended to eventually be produced for Broadway on a commercial basis" and "the development of any such show" is vague and ambiguous such that a meaningful or complete response to Requests that use this term is impossible, including because this definition could effectively extend to any show in production and has no realistic limitation. Accordingly, to the extent the Requests use the term "theatre production," Defendant will limit its responses to documents and information relating to commercial productions of Broadway shows; national, regional, or international productions or tours of shows that have appeared on Broadway; and shows that are touring or in development with an existing contract to be produced on Broadway (hereinafter "Commercial Broadway Theatre").

19.     Defendant objects to Plaintiff's definition of "casting services," "ancillary casting services," and "casting service provider" to the extent it relies on the definition of "theatre production" for the reasons explained in Defendant' objections to Plaintiff's definition of that term above. Accordingly to the extent the Requests use these terms Defendant will limit its responses to documents and information relating to Commercial Broadway Theatre.

20.     Defendant objects to Plaintiff's definition of the term "casting staff" or "staff" on grounds that its inclusion of "each natural person that is [Defendant's] owner, shareholder, equity interest holder, officer, director, partner, member, employee, intern, or agent" is overly broad, unduly burdensome, and not proportional to the needs of the case, including because this definition is not limited to individuals that performed casting work. Accordingly, to the extent

8

the Requests use the term "casting staff" or "staff" Defendant will limit its responses to documents relating to individuals that perform casting work.

21.     Defendant objects to the Requests to the extent that Plaintiff asserts Defendant's responses thereto constitute an adoption or acceptance of terms or definitions that Plaintiff has employed.  In responding to the Requests, Defendant does not adopt, embrace, or accept any term or definition employed by Plaintiff. These responses are made based upon Defendant's interpretation of words contained in the Request, unless a specific definition or instruction has been agreed upon.

22.     Defendant objects to the Requests to the extent any call for the production of electronically stored information ("ESI") that is not reasonably accessible on the ground that such discovery would not be proportional to the needs of the case in light of the "the amount in controversy, the parties relative access to relevant information, the parties' resources . . . and . . . burden or expense of the proposed discovery outweighs its likely benefit." See Fed. R. Civ. P. 26(b)(2). Defendant is willing to discuss the production of any such electronic documents pursuant to an appropriate cost-shifting arrangement covering the costs of identifying, restoring, collecting, processing, reviewing, and otherwise locating and producing any such documents.

23.     Defendant objects to the Requests to the extent that they do not specify a "reasonable time, place, and manner of making the inspection." See Fed. R. Civ. P. 34(b).  To the extent Defendant makes an offer of production or inspection in these Responses, such offer of production or inspection contemplates a rolling production or inspection that will begin within the 60-day deadline that Plaintiff contemplates in instruction number two of its Requests and will continue within time frames to be agreed upon by the parties.

9

24.     Defendant objects to Instruction No. 2. Defendant will produce documents or make them available for inspection on a rolling basis and substantially complete its production of documents to these requests within 150 days provided the parties timely consummate an ESI Stipulation governing the format of production for ESI, the Court enters an appropriate Protective Order (absent an interim agreement by the parties to apply the confidentiality designation applied by Defendant to any document produced), and subject to the resolution, either by the parties or by the Court, of the applicable time period, scope of production, custodians, sources of documents and ESI to be searched in addition to any other relevant factors necessary to ensure that the collection and or processing of potentially responsive documents is not duplicated.

**REQUEST FOR PRODUCTION NO. 1:**

All organizational charts and personnel directories in effect during the relevant period.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it seeks "all" documents rather than documents sufficient to show the organizational charts and personnel directories in effect. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or make available for inspection responsive documents sufficient to show the organizational charts and personnel directories in effect from January 1, 2016 through February 9, 2018.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify your current and former staff, officers, directors, employees, and interns, including the roles and responsibilities of each such person.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for documents and information relating to all of Defendant's current and former staff, owners, officers, directors employees, and interns regardless of whether they are at all related to the claims and defenses at issue in this case. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Defendant objects to this Request on the ground that it uses the term "your" and "staff" for the reasons specified in Defendant's General Objections 14, 15 and 20.  Defendant also objects that the Request's use of the term "former" is vague and ambiguous because it is not limited to a distinct timeframe.  Defendant accordingly objects to the timeframe of this Request for the reasons specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or make available for inspection responsive documents.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify each committee of the CSA and the New York Chapter of the CSA, such as a Board of Directors or Board of Governors, and documents sufficient to identify the members of such committees, including the start and end dates of such committee membership.

**RESPONSE:**

11

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not relevant to the parties' claims and defenses and proportional to the needs of the case, including because it seeks information regarding all committees regardless of whether a given committee's activities concern the alleged anticompetitive conspiracy or boycott.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or permit inspection of responsive documents sufficient to identify each committee of the CSA and the New York Chapter of the CSA whose activities concern or concerned Defendant's alleged anticompetitive conspiracy or boycott; the members of such committees; and such members' start and end dates.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show any casting company defendant's leadership position, participation, or membership in any CSA committee, including the Board of Directors, Board of Governors, or any other committee established by CSA or the New York Chapter of the CSA.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17. Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created

on or after January 1, 2016 through February 9, 2018 and will produce or permit inspection of documents in the time period from January 1, 2016 through the present.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify all members of the CSA in the business of providing casting services for Broadway theatre productions, or if such information is not available, all documents sufficient to identify all CSA members. This information should include information sufficient to identify the type of member (if there is more than one type), and, to the extent reflected in CSA records, the business or occupation of each such member.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for documents sufficient to identify certain CSA members regardless of whether these individuals are at all related to the claims and defenses at issue in this case. Defendant objects to this Request on the ground that it uses the term "theatre production" for the reasons specified in General Objection 18. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of documents sufficient to identify CSA members.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify the author, and all individuals involved in drafting or

sending, the October 6, 2017 email on CSA letterhead to "Fellow Casting Directors," as set forth in paragraph 64 of the Complaint.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to the Requests to the extent that they require Defendant to produce documents protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which are otherwise immune from discovery.

Subject to and without waiving any General Objections, Defendant will conduct a reasonable Custodian Search for and will produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify all individuals with knowledge of any of the events described in the Complaint.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to the Requests on the grounds that it is overbroad in that it is properly the subject of interrogatory and exceeds the requirements of the Federal Rules of Civil Procedure. Defendant further objects to the request as vague in that it does not call for any category of documents with sufficient specificity. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any General Objections, Defendant refers Plaintiff to its initial disclosures, which will be served pursuant to the Federal Rules of Civil Procedure and as agreed to by the parties or directed by the Court.

**REQUEST FOR PRODUCTION NO. 8:**

14

Documents sufficient to identify any public relations professional, media specialist, or crisis management firm consulted or retained in connection with the so-called unionization of casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, or is invasive of the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or make available for inspection responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

The operative organization operating agreements, bylaws, charts, and membership agreements for the CSA, and the New York Chapter of the CSA.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, not relevant to Plaintiffs' claims and not proportional to the needs of the case. Defendant further objects to Plaintiff's definition of the term "CSA" for the reasons specified in General Objections 14 and 15. Defendant objects to Plaintiff's

definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a Targeted Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or permit inspection of responsive documents that are or were effective during the time period January 1, 2016 through the present.\

**REQUEST FOR PRODUCTION NO. 10:**

All minutes of any board, officers, or committee meeting, and any presentations, agendas, packets, notes, or communications regarding any board, officers, or committee meetings, concerning casting services for Broadway theatre.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll minutes" and "any presentations, agendas, packets, notes, or communications" regarding any of Defendant's board, officers, or committee meetings, regardless of whether the documents sought are at all related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks documents or data that are not related to the alleged anticompetitive conspiracy or boycott. Defendant additionally objects to this Request on the ground that its use of the term "Broadway theatre" is vague and ambiguous in that it is undefined by Plaintiff and distinct from Plaintiff's defined term "theatre production." For the purpose of responding to this Request, Defendant interprets the term "Broadway theatre" to have the same definition as "theatre production." Defendant objects to this Request on the ground that it uses the term "theatre production" and "casting services" for the reasons specified in General

16

Objections 18 and 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive "minutes" and "presentations, agendas, packets, notes, or communications" that are related to the alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning the unionization of casting service providers for Broadway theatre.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that its use of the term "Broadway theatre" is vague and ambiguous in that it is undefined by Plaintiff and distinct from Plaintiff's defined term "theatre production." For the purpose of responding to this Request, Defendant interprets the term "Broadway theatre" to have the same definition as "theatre production." Defendant objects to this Request on the ground that it uses the term "theatre production" and "casting services" for the reasons specified in General Objections 18 and 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any casting company defendant or employees or owners of any casting company defendant.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll documents" regarding "any casting company defendant or employees or owners of any casting company defendant" regardless of whether the documents sought are at all related to the claims and defenses at issue in this case. Defendant objects to the Request as vague because it does not identify a category of documents with sufficient specificity. Defendant objects to the Request to the extent it seeks documents or data that are not related to the alleged anticompetitive conspiracy or boycott.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents that are related to the alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 13:**

All documents describing the business or role of casting service providers for Broadway

theatre.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "[a]ll documents" describing the "business or role of casting service providers for Broadway threatre," regardless of whether they are related to the claims and defenses at issue in this case. Defendant additionally objects to this Request on the ground that its use of the term "Broadway theatre" is vague and ambiguous in that it is undefined by Plaintiff and distinct from Plaintiff's defined term "theatre production." For the purpose of responding to this Request, Defendant interprets the term "Broadway theatre" to have the same definition as "theatre production." Defendant also objects to this Request on the ground that it uses the terms "theatre production" and "casting service providers" for reasons specified in General Objections 18 and 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning contemplated, requested, negotiated, or actual prices or fees for casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case,

19

including because it calls for "all documents" regardless of whether these documents are at all related to the claims and defenses at issue in this case.  Defendant objects to this Request on the ground that Plaintiff's definition of the term "casting services" is overbroad, vague, and ambiguous as described in General Objection 19.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objections, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or make available for inspection responsive documents.

## REQUEST FOR PRODUCTION NO. 15:

All documents concerning any of the following provisions, or recommendations concerning any such provision, in any form or draft agreement for casting services: (i) scope of engagement, (ii) compensation, (iii) billing or publicity, (iv) services for future theatre productions, (v) exclusivity of services.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all documents" regardless of whether these documents are at all related to the claims and defenses at issue in this case.  Defendant objects to this Request on the ground that Plaintiff's definition of the term "casting services" is overbroad, vague, and ambiguous as described in General Objection 19.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

20

Subject to and without waiving any general or specific objections, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or make available for inspection responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All form, draft, or recommended contracts provided to CSA members.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it calls for "all form, draft, or recommended contracts" regardless of whether these documents are at all related to the claims and defenses at issue in this case. Defendant objects to this Request to the extent it would seeks documents that are not related to casting work for Commercial Broadway Theatre. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objections, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and will produce or permit inspection of responsive documents that relate to casting work for Commercial Broadway Theatre.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning competition in the casting services market or between casting service providers.

**RESPONSE:**

21

In addition to the General Objections set forth above, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including because it uses the terms "casting services" and "casting service providers" for the reasons specified in Defendant's General Objection 19.  Defendant also objects to this Request on the grounds that the term "casting services market" is vague and ambiguous.  Defendant interprets this term to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint. Defendant further objects to this Request to the extent it calls for a legal conclusion or legal argument, may be invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning market shares for casting service providers, including shares, numbers, or percentages of theatrical productions served by casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client

privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to this case, including because it uses the term "casting service providers" for the reasons specified in General Objection 19.  Defendant objects to this Request on the grounds that the term "market shares for casting service providers" is vague and ambiguous.  Defendant objects to this Request on the ground that its use of the term "theatrical productions" is vague and ambiguous in that it is undefined by Plaintiff and distinct from Plaintiff's defined term "theatre production."  For the purpose of responding to this Request, Defendant interprets the term "theatrical productions" to have the same definition as "theatre productions" and objects to the use of this term for the reasons specified in General Objection 18.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2013 through February 9, 2018 and produce or permit inspection of responsive documents sufficient to show market shares for casting service providers, including shares, numbers, or percentages of theatrical productions served by casting service providers.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the entry, attempted entry, expansion, or withdrawal of any casting service provider into or from the market, including all documents concerning how to become a casting director.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client

privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to this case, including because it uses the term "casting service providers" for the reasons specified in General Objection 19. Defendant also objects to this Request on the grounds that the term "the market" is vague and ambiguous.  Defendant interprets the term "market" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning any barriers to entry or expansion in the casting services market, including any documents concerning the difficulty of becoming a casting service provider or generating business as a casting service provider.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to this case, including because  it uses the terms "casting services" and "casting service provider" for the reasons specified in Defendant's General Objection 19.  Defendant also objects to this Request on

the grounds that the term "casting services market" is vague and ambiguous.  Defendant interprets

the term "casting services market" to mean the alleged relevant market defined in paragraph 124

of Plaintiff's Complaint.  Defendant objects to Plaintiff's definition of the "Relevant Period" for

all requests as being January 1, 2013 to the present on the grounds specified in General Objection

17.

Subject to and without waiving any general or specific objection, Defendant will conduct

a reasonable Custodian Search for documents that were created on or after January 1, 2016 through

February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning or discussing the casting services market or industry, including

documents discussing: (i) industry concentration; (ii) supply or demand for casting services; (iii)

economies of scale in providing casting services; or (iv) network effects.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to

the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege,

or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client

privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request

on the ground that it uses the term "casting services" for the reasons specified in Defendant's

General Objection 19.  Defendant also objects to this Request on the grounds that the term "casting

services market or industry" is vague and ambiguous. Defendant interprets the term "casting

services market or industry" to mean the alleged relevant market defined in paragraph 124 of

Plaintiff's Complaint.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2013 through February 9, 2018 and will produce or permit inspection of responsive documents sufficient to show (i) industry concentration; (ii) supply or demand for casting services; (iii) economies of scale in providing casting services; or (iv) network effects.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning any antitrust policies or antitrust training concerning any CSA meetings or activities.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent it calls for a legal conclusion or legal argument, is invasive of the work product privilege, or seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2013 through February 9, 2018 and produce or permit inspection of responsive documents. Defendant will produce or permit inspection of documents that were created on or after January 1, 2016 through February 9, 2018.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to the casting company defendants or the Teamsters, including all meeting minutes, agendas, notes, and other documents concerning any meeting involving any

casting company defendant or the Teamsters.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it calls for "all documents relating to the casting company defendants or the Teamsters" regardless of the nature of these documents or whether they are at all related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks documents that are not related to the alleged anticompetitive conspiracy or boycott. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Defendant further objects to this Request on the ground that production of such an expansive category of discovery as "all documents relating to" any of the other Defendants is not proportional to the issues at stake and the amount in controversy in this case. Defendant objects that this Request would require it to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request on the ground that it imposes a burden that would far exceed the likely benefit of production. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or make available for inspection responsive documents that relate

to the alleged anticompetitive conspiracy or boycott. Defendant will produce or permit inspection of documents that were created on or after January 1, 2016 through February 9, 2018.

**REQUEST FOR PRODUCTION NO. 24:**

All communications with the casting company defendants or the Teamsters, including emails, text messages, voicemails, calendar entries, and notes, minutes, or summaries of meetings.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this Request is duplicative of Request number 23. Defendant makes the same objections to this Request as those specified in its Response to Request number 23 and will conduct a reasonable Custodian Search and produce or make available for inspection documents as described in that response.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to any agreement or proposed agreement between you and any other defendant.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it calls for "all documents relating to any agreement or proposed agreement" regardless of the subject or nature of these agreements and whether these documents or agreements are at all related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks documents regarding agreements that are not related to the alleged anticompetitive conspiracy or boycott. Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 14 and 15.

28

Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Defendant further objects to this Request on the ground that production of such an expansive category of discovery as "all documents relating to any agreement" is not proportional to the issues at stake and the amount in controversy in this case.  Defendant objects to this Request to the extent it would require Defendant to search for and to produce an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to identify the date, time, location, and purpose of any meeting or communication between you and any other defendant.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it calls for information relating to "any meeting or communication" between Defendants regardless of the subject of these meetings or communications and whether they are at all related to the claims and defenses at issue in this case.  Defendant objects to the Request to the extent it seeks documents regarding meetings or communications that are not related to the alleged

29

anticompetitive conspiracy or boycott. Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 14 and 15. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Defendant further objects to this Request on the ground that production of such an expansive category of discovery as information related to "any meeting or communication" between Defendants is not proportional to the issues at stake and the amount in controversy in this case. Defendant objects to this Request to the extent that it would require Defendant to search for and to produce or permit inspection of an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents sufficient to identify any meeting or communication between Defendants that relate to the alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 27:**

All communications (including emails, text messages, voicemails, calendar entries, telephone logs, and notes, minutes, or summaries of meetings) concerning any effort to unionize or collectively bargain in the casting services market, including any such communication involving you and i) any union other than the Teamsters, (ii) any actor or actor's agent, (iii) any state or federal official or elected representative, or (iv) any producer, director, or general manager.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request on the ground that the term "casting services market" is vague and ambiguous. Defendant interprets the term "casting services market or industry" to mean the alleged relevant market defined in paragraph 124 of Plaintiff's Complaint.  Defendant additionally objects to this Request on the ground that it uses the terms "you" and "casting services" for the reasons specified in General Objections 14, 15 and 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, recordings, transcriptions, or notes, concerning any communication referenced in the Complaint, including:

(i)     the October 6, 2017 CSA e-mail to "Fellow Casting Directors and Associates" regarding "Broadway Casting Services/Please contact the Union" (Compl. ¶ 64);

(ii)    interviews with the New York Daily News, including the interview published on May 20, 2017, www.nydailynews.com/new-york/manhattan/broadway-casting-directors-fight-unionize-article-1.3182204 (Compl. ¶¶ 4, 45);

(iii)   interviews with the Hollywood Reporter, including the interview published on June 8, 2017, www.hollywoodreporter.com/news/broadway-casting-directors- rally-union-contract-radio-city-music-hall-1011447 (Compl. ¶¶ 5, 50, 55);

(iv)    interviews with NPR, including the interview published on September 4, 2017, www.npr.org/2017/09/04/548505846/casting-directors-on-broadway-seek-to-unionize (Compl. ¶¶ 8, 47, 50);

(v)     interviews with Deadline, including the interviews published on May 25 and Aug. 21, 2017, deadline.com/2017/05/broadway-producers-versus-casting-directors-1202102410; deadline.com/2017/08/casting-directors-rally-in-shubert-alley-120215274 (Compl. ¶¶ 9, 47, 50);

(vi)    interviews with Playbill, including the interview published on Aug. 17, 2007, www.playbill.com/article/ask-playbillcom-casting-com-143060 (Compl. ¶ 32);

(vii)   interviews with Backstage, including the interview published on Sept. 11, 2015, www.backstage.com/interview/cd-tara-rubin-what-makes-successful-audition (Compl. ¶¶ 36, 38);

(viii)  interviews with The Clyde Fitch Report, including the interview published on June 6, 2017, http://www.clydefitchreport.com/2017/06/casting-directors-union-broadway/ (Compl. ¶ 54);

(ix)    all demands and communications with any producer, director, or general manager, including the communications referenced in Paragraphs 10, 62, 66, 67, 113, and 114 of the Complaint.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 29:**

All documents concerning any communication, or any plan, strategy, or proposal to communicate, with CSA members about unionization, the Teamsters, or health or retirement benefits, including all documents concerning the October 6, 2017 CSA e-mail or the subject matter

of that e-mail.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request to the extent that it seeks documents concerning unionization of any casting work that is not or was not done for Commercial Broadway Theatre. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning any request or requirement that casting service providers contact the Teamsters Local 817 when approached with new commercial theatre projects intended for Broadway (including readings, workshops, labs).

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the ground that its use of the term "commercial theatre projects intended for Broadway" is vague and ambiguous in that it is undefined by Plaintiff and distinct from Plaintiff's defined term "theatre production."  For the purpose of responding to this Request, Defendant

interprets this term to be the same as "theatre production."  Defendant objects to this Request on the ground that it uses the term "theatre production" for the reasons specified in General Objection 18.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for and produce or permit inspection of responsive non-privileged, non-duplicative documents. Defendant will produce or permit inspection of documents that were created on or after January 1, 2016 through February 9, 2018.

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning the Broadway League.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it calls for "[a]ll documents concerning the Broadway League" regardless of whether these documents are at all related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks documents that are not related to the alleged anticompetitive conspiracy or boycott.

Defendant objects to this Request to the extent it would require Defendant to search for and to produce an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant objects to

Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents that relate to Defendants' alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning the Teamsters.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it calls for "[a]ll documents concerning the Teamsters" regardless of whether these documents are at all related to the claims and defenses at issue in this case. Defendant objects to the Request to the extent it seeks documents that are not related to the alleged anticompetitive conspiracy or boycott.

Defendant objects to this Request to the extent it would require Defendant to search for and to produce an onerous, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have little or no relevance to resolving the issues or controversies in this action. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents that relate to the alleged anticompetitive conspiracy or boycott.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning a union or collective bargaining for casting service providers, including any plan, strategy, or action for casting service providers to become members of any union, including the Teamsters.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request to the extent that it seeks documents concerning unionization of any individuals that do not or did not engage in casting work for Commercial Broadway Theatre. Defendant additionally objects to this Request on the ground that it uses the term "casting services providers" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce responsive documents.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning any of the costs or benefits to casting service providers, or the Teamsters, from any effort to become Teamsters members or to unionize casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request to the extent that it seeks documents concerning unionization of any individuals that do not or did not engage in casting work for Commercial Broadway Theatre. Defendant additionally objects to this Request on the ground that it uses the term "casting services providers" for the reasons specified in General Objection 19. Defendant objects to this Request to the extent that it imposes a burden that would far exceed the likely benefit of production. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning the Fairness for Casting campaign, including all communications, plans, and proposals relating to that campaign.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product

doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning the so-called unionization of casting service providers, including all communications with actors, actors agents, unions, reporters, public relations professionals or consultants, the press, or members of the media.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this Request is duplicative of Request number 11.  Defendant makes the same objections to this Request as those specified in its Response to Request number 11 and will conduct a reasonable Custodian Search and produce or make available for inspection documents as described in that response.

**REQUEST FOR PRODUCTION NO. 37:**

All documents concerning any demonstrations, protests, marches, or public activity concerning the Fairness for Casting campaign or the so-called unionization of casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further

objects to this Request to the extent that it seeks documents that are not related to casting work for Commercial Broadway Theatre.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to any lobbying efforts concerning the so-called unionization of casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request to the extent that it seeks documents that are not related to casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting service providers" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

  
**REQUEST FOR PRODUCTION NO. 39:**

All documents that mention both Trump (or the Trump Administration) and casting service providers, including any documents concerning the decision to reference Trump or the Trump Administration as a talking point in the casting cartel Defendants' media and P.R. campaign.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning any terms, provisions, requirements, demands, or requests that the casting company defendants or the Teamsters sought, considered seeking, or discussed seeking from the League, League members, or any Broadway producer, general manager, or director, including services, fees, compensation, or other benefits such as health, welfare, retirement or pension benefits.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant further

objects to this Request to the extent that it seeks documents that are not related to casting work for Commercial Broadway Theatre. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 41:**

All documents concerning the Teamsters Funds, including documents concerning any proposal or plan that casting service providers request or demand that producers make contributions to the Teamster Funds.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to this Request on the ground that it uses the term "Teamsters Funds," which Plaintiff defines overbroadly as "refer[ring] to any retirement benefits fund, pension fund, or other fund managed, operated, or controlled by the Teamsters for the benefit of its members, including the Local 817 I.B.T. Welfare Fund and the Local 817 I.B.T. Pension Fund."  Defendant accordingly objects to this Request on the ground that it is overbroad and not proportional to the needs of this case and Defendant will limit its responses to documents and information that relate to the Local 817 I.B.T. Welfare Fund or the Local 817 Pension Fund.    Defendant additionally objects to this Request on the ground that it uses the term "casting service providers" for the reasons specified in General

Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents concerning any plan, strategy, proposal, or consideration of an actual or potential strike, job action, work stoppage, boycott, or refusal to provide casting services, or insistence on any terms as a condition of providing casting services, including but not limited to: (i) Teamster involvement, recognition, or acceptance, (ii) the payment of a surcharge, increase in fees, or provision of benefits, (iii) establishment of an alleged employee-employer relationship, or (iv) acceptance of any or all terms reflected in the Deal Memo or Personal Services Agreement.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection.  Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning whether "the conduct that is likely to be interpreted as a boycott is no longer or not at issue," as reflected in Mr. Dell'Angelo's representation to the Court on December 27, 2017.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning whether any conduct alleged in the complaint ceased or changed.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request on the ground that the term "conduct alleged in the complaint" is vague and ambiguous. Defendant interprets this request to seek documents concerning whether any of the

43

conduct that was alleged to be unlawful in the complaint has ceased or changed. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning whether you or any other casting cartel defendant or casting service provider has withdrawn from any combination, contract, or conspiracy entered into by or among such persons or entities.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning any decision by you, or any other casting cartel defendant or casting service provider, to cease seeking a collective bargaining agreement or union recognition

on behalf of casting service providers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to this Request to the extent that the documents it seeks regarding a collective bargaining agreement or union recognition do not relate to casting work for Commercial Broadway Theatre. Defendant additionally objects to this Request on the ground that it uses the terms "you", "your", and "casting service provider" for the reasons specified in General Objections 14, 15 and19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning Mr. Dell'Angelo's representation to the Court that "817's demands for a collective bargaining agreement" is "not the thrust of the alleged anti- competitive conduct in the complaint or, frankly, what was happening between the parties at the time that the complaint was filed" and do not "relate to where the parties find themselves now," including all documents concerning (i) any changes in conduct, or (ii) the basis for the Mr. Dell'Angelo's statement that such changes had occurred.

**RESPONSE:**

45

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning any changes or modifications in strategy, approach, or conduct relating to the casting cartel Defendant' efforts to unionize, engage in collective negotiations, or involve the Teamsters in negotiations concerning casting services contracts or agreements.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning Mr. Dell'Angelo's representation to Broadway News that there is not a boycott.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 50:**

All documents concerning antitrust, antitrust immunity, or the statutory or non-statutory antitrust labor exemptions as applied to casting services.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege,

attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "casting services" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications concerning the National Labor Relations Board.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request on grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case, as it does not define a category of documents with sufficient specificity and also requests "all documents" regardless of whether they are at all related to the claims and defenses in this case. Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request to the extent that it seeks documents that do not concern casting work for Commercial Broadway Theatre. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 52:**

All documents concerning submission of, including any decision not to submit, any request to unionize or collectively bargain for casting services to the National Labor Relations Board.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this Request is duplicative of Request number 51. Defendant makes the same objections to this Request as those specified in its Response to Request number 51 and will conduct a reasonable Custodian Search and produce or make available for inspection documents as described in that response.

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to any plan, strategy, or attempt by a casting service provider to become or be treated as an employee of any producer or theatrical production, or to establish an employer-employee relationship between casting service providers and producers.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendants object to this Request on the ground that the term "theatrical production" is vague and ambiguous given Plaintiff's consistent use of the defined term "theatre production" in its Requests. Defendants accordingly interpret this term to have the same definition that Plaintiff gave to "theatre

49

production." Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it seeks documents relating to employment relationships with producers regardless of whether the individuals in those relationships are Defendants in this case or perform casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 54:**

All documents concerning the status of casting company defendants and other casting service providers as independent contractors.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it seeks documents relating to the legal status of individuals regardless of whether they are Defendants in this case or perform casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the

term "casting service provider" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 55:**

All documents concerning the appointment of the Teamsters or Terry Casaletta as the negotiating agent for any casting company defendant or other casting service provider, including all documents concerning any decision, plan, or strategy by two or more Defendant to enlist, engage, or use a common negotiation agent.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, including because it seeks documents relating to the legal status of individuals regardless of whether they are Defendants in this case or perform casting work for Commercial Broadway Theatre.  Defendant additionally objects to this Request on the ground that it uses the term "casting service provider" for the reasons specified in General Objection 19. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 56:**

All documents that you may seek to introduce into evidence at trial.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).   Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 14 and 15.

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 57:**

All non-privileged documents discussing this case.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant objects to

Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendant will conduct a reasonable Custodian Search for documents that were created on or after January 1, 2016 through February 9, 2018 and produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 58:**

All documents provided to, considered by, or relied upon by, any expert in this matter, as soon as any such document is made available to the expert.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive documents.

**REQUEST FOR PRODUCTION NO. 59:**

All documents identified, cited, or relied upon by you in response to any Request for Admission or Interrogatory propounded by the Broadway League in this case.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product

doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 14 and 15.

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive documents.

## REQUEST FOR PRODUCTION NO. 60:

All declarations, affidavits, or non-privileged witness statements that you obtain for use or potential use in this case (to be provided within 24 hours of obtaining such declaration, affidavit, or non-privileged witness statement).

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e). Defendant additionally objects to this Request on the ground that it uses the term "you" for the reasons specified in General Objections 14 and 15.

Subject to and without waiving any general or specific objection, Defendant will produce or permit inspection of responsive non-privileged, non-duplicative documents as required pursuant to the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 61:

All documents produced by any non-party in connection with this case, whether voluntarily, pursuant to subpoena, or otherwise (to be provided within 24 hours of the non-party production of such information).

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).

Subject to and without waiving any general or specific objection, Defendant will c produce or permit inspection of responsive documents obtained pursuant to a Rule 45 subpoena or as otherwise required pursuant to the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 62:**

All documents relating to any instructions provided to you or your employees or third parties regarding the retention of documents concerning the subject matter of this case, or the search for or collection of documents actually or potentially responsive to these Requests.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "you" or "your" for the

reasons specified in General Objections 14 and 15. Counsel for the parties have conferred regarding the mutual exchange of documents responsive to this Request. Defendant will continue to meet and confer with counsel for the Plaintiff and produce pursuant to the parties' mutual agreement.

Subject to and without waiving any general or specific objections, Counsel for the parties have conferred regarding the mutual exchange of documents responsive to this Request. Defendants will continue to meet and confer with counsel for the Plaintiff and produce pursuant to the parties' mutual agreement.

## REQUEST FOR PRODUCTION NO. 63:

Documents sufficient to show or describe any and all of your document retention and destruction systems, policies, procedures, and practices, including all documents sufficient to identify each instance where your document retention policy has not been followed with respect to documents that fall within the scope of these Requests.

## RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant further objects to the Request to the extent it purports to require Defendant to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e). Defendant additionally objects to this Request on the ground that it uses the term "your" for the reasons specified in General Objections 14 and 15. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified

in General Objection 17.  Defendants also object to this Request to the extent that the Requests seek documents that are not discoverable.

Subject to and without waiving any general or specific objections, Defendants will meet and confer with Plaintiff regarding a process for the mutual exchange of instructions regarding the retention of documents concerning the subject matter of this case and will produce any written document retention policies to the extent that they exist.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to identify (i) the persons responsible for managing your document retention and destruction systems, policies, procedures, or capabilities; (ii) your electronic and document management information systems; and (iii) all of your back-up procedures for electronic and document management systems and other electronic files.

**RESPONSE:**

In addition to the General Objections set forth above, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant objects to this Request to the extent that it calls for a legal conclusion, legal argument, is invasive of the work product doctrine, seeks materials subject to the work product doctrine, common-interest privilege, attorney-client privilege, and/or any other applicable privilege or protection. Defendant additionally objects to this Request on the ground that it uses the term "your" for the reasons specified in General Objections 14 and 15. Defendant objects to Plaintiff's definition of the "Relevant Period" for all requests as being January 1, 2013 to the present on the grounds specified in General Objection 17.

Subject to and without waiving any general or specific objection, Defendants will produce or permit inspection of responsive documents.

DATED: February 9, 2018

By:   /s Michael C. Dell'Angelo
    Michael C Dell'Angelo
    Sarah Schalman-Bergen
    David A. Langer
    BERGER & MONTAGUE, P.C.
    1622 Locust Street
    Philadelphia, PA 19103
    Tel: (215) 875-3000
    Fax: (215) 875-4604
    mdellangelo@bm.net
    sschalman-bergen@bm.net
    dlanger@bm.net

    *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2018, I caused to be served on Counsel for Plaintiff, a true and correct copy of DEFENDANT CASTING DIRECTOR SOCIETY OF AMERICA's RESPONSES AND OBJECTIONS TO PLAINTIFF THE BROADWAY LEAGUE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE CASTING SOCIETY OF AMERICA, via electronic mail.

                                       _/s Michael Dell'Angelo_
                                       Michael Dell'Angelo