# EXHIBIT 27

<u>Defendants Contemporaneous Unofficial Transcription of the Parties'</u>
<u>February 12, 2018 (3:00 pm) Telephonic Meet and Confer</u>

Kass (Plaintiff): There are two issues we'd like to discuss, there may be others, from the letters from 2/1 through last Friday.  1) The documents relating to Carnahan Casting and S/W Casting. I think your current position is that you do not intend to currently produce documents from their files, unless we make some other showing.

\*\*\*

Dell'Angelo (Defendants): With respect to S/W and Carnahan, I don't think the issue is quite as you have described it.  But the fact is, as you know, outside of paragraphs 17, 20, and 23 of the Complaint, there are no allegations whatsoever about either Carnahan or S/W.  Between those three paragraphs, there are no substantive allegations whatsoever about the two of them.  We are mindful of the fact that the court did not stay discovery, but also mindful of what the rules provide.  We have put the question to you, and don't think that you have responded, what discovery it is you believe is appropriate under the rules and why? We are perfectly willing to engage in a good faith meet and confer on that topic.

Kass: It sounds to me that we are at impasse. I've explained in our letter why what we seek is relevant, proportional, and I don't know what else there is for us to do.

Dell'Angelo: I do not see where in any of your letters you have made a good faith attempt to explain why discovery from those defendants – let's put it this way, you haven't really explained the scope of discovery that is appropriate under the rules from those defendants.  As I understand your position, the stay was denied therefore you get any and all discovery you ask for.

Kass: We get discovery concerning their participation concerning the alleged conspiracy, their operations, how they conducted business, and whether they are independent businesses or employees. Once they're a party in this case and alleged to be a coconspirator, and the court has not stayed discovery regarding the allegations being insufficient, the documents we seek are perfectly reasonable and relevant.

Do you have any case where a person alleged to be a conspirator is not required to produce documents within the alleged conspiracy, and in its custody and control?

Dell'Angelo: What I'm asking is that you engage in a good faith meet and confer, about the scope of discovery that is appropriate regarding defendants about whom you have not made a substantive allegation

Kass: We disagree that we have to make a further showing

Dell'Angelo: It is our understanding that we have an obligation to meet and confer in good faith. I'm inviting you to articulate what discovery you think is proportional.

1

Kass: I told you the discovery I think is proportional.  I don't think there is a basis for saying that S/W and Carnahan are subject to some lesser discovery than the CD defendants.

Dell'Angelo: So it is your view that, by virtue of the fact that without a single substantive allegation but with a single conclusory sentence that you have alleged the two defendants are co-conspirators, you are entitled to all discovery about all aspects of their work for a period of five years.

Kass: I think we are at impasse unless you are willing to compromise, or change your position

Dell'Angelo: We are not, it sounds you're looking to declare an impasse.

Kass: We're not. We want the documents we asked for.

Dell'Angelo: You want every document, without any limitation of any kind.

Kass: That is not our position, I understand that we will be meeting and conferring regarding the requests served on the CDs generally. I'm not asking or demanding that Carnahan or SW produce documents beyond any agreements that we reach regarding any other CD. Our position is that, as to Carnahan and SW, they are subject to the same discovery obligations as the other CDs.  That is our position.

Dell'Angelo: In the absence of a single substantive allegation, it is your position that you are nevertheless entitled to the same exact level and scope of discovery for the same period of time as any other CD defendant.

Kass: I don't agree that we have no allegations or evidence as to Carnahan and SW.

Dell'Angelo: Can you refer me to that?

Kass: Are you denying that they are involved? I want to get a representation.

Dell'Angelo: We are litigating your complaint, right Collin?

Kass: I'm asking, are you making a representation?

Dell'Angelo: You're propounding discovery based on the complaint.  You haven't made a single substantive allegation.  You've disagreed that you haven't made allegations; I'm asking what the allegations are to understand your position and make a good faith meet and confer.

Kass: We understand that they were included in the 50-60 members that the teamsters signed up, they were members of the CSA and received CSA communications, and that they were involved

Dell'Angelo: Where do you allege that in the complaint?

Kass: That is our position. I take it from what you said that you are unwilling to make a representation that they were not involved.

Dell'Angelo:  I understand that this is supposed to be a good faith meet and confer about your clients' discovery requests, which you get to make because you have a complaint pending.  I am litigating the complaint you filed; you are doing something different. You want discovery on the basis of things you're representing but that are not in the complaint.

Kass: We can move on because we are at impasse and we will be raising this with the court.

Dell'Angelo: I recognize you're declaring impasse. I question whether this constitutes a good faith effort on your part to meet and confer. If you're intent on declaring impasse, we can discuss a schedule with you.

Kass: Why don't we hold off until we discuss the second issue?